IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| MEREDITH D. DAWSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 15-cv-475-bbc |
| | : | |
| GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., GREAT LAKES HIGHER EDUCATION CORPORATION, JILL LEITL, DAVID LENTZ, MICHAEL WALKER, THE UNITED STATES OF AMERICA, THE UNITED STATES DEPARTMENT OF EDUCATION, and ARNE DUNCAN, in his official capacity as United States Secretary of Education, | : : : : : : : : : | |
| Defendants. | | |

**FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT
ITS MOTION TO DISMISS THE COMPLAINT**

## INTRODUCTION

This Court lacks subject matter jurisdiction to hear the claims asserted in the Complaint against the Federal Defendants (as defined below) because Plaintiff Meredith D. Dawson ("Dawson") seeks merely a reduction of her student loan debt—she does not (and cannot) seek monetary damages against the Federal Defendants, which is required for her invoke jurisdiction under the "Little Tucker Act." The Complaint also fails to state a claim against Arne Duncan, in his official capacity as United States Secretary of Education ("Secretary Duncan"), because it does not specify any alleged misconduct by him. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Defendants the United States of America (the "United States"), the United States Department of Education (the "ED"), and Secretary Duncan (collectively, the "Federal Defendants") respectfully move for an order dismissing the Complaint as to them.

# FACTS[1]

Dawson used student loans to finance her education, and now owes the ED more than $25,686.43. Compl. ¶¶ 16, 64. She alleges that $819.65 of the interest on her student loans was wrongfully added to her principal balance by the ED's student loan servicer, Great Lakes Educational Loan Services, Inc. ("Great Lakes").[2] Compl. ¶¶ 3, 16, 64. Specifically, she claims that this amount of interest was improperly added to the principal, *i.e.*, "capitalized," during a 60-day "administrative forbearance" period. Compl. ¶¶ 25-33, 64-65.[3] (The Complaint does not allege that Dawson raised this issue with Great Lakes or the ED prior to filing the Complaint.) To the extent of this allegedly mistaken interest, she seeks to cancel a portion of her student loan debt. (She also seeks to represent a class of borrowers who supposedly also need that error corrected on their accounts.)

The sole claim asserted against the Federal Defendants is for breach of contract (Count IV). The Complaint alleges: "In violating the plain terms of the governing Master Promissory Notes as alleged herein, Great Lakes acted on [Federal] Defendants' behalf pursuant to both the Servicing Contract and federal law. [Federal] Defendants—as the lenders and parties to the [Master Promissory Notes] at issue—have breached the plain terms of the Master Promissory

---

[1] For purposes of this Motion to Dismiss only, the Federal Defendants accept as true the factual allegations set forth in the Complaint. In the event this Motion is denied, the Federal Defendants reserve the right to contest each and every factual allegation in the Complaint.

[2] The Complaint also names as defendants Great Lakes Higher Education Corporation and several of Great Lakes' executives, Jill Leitl, David Lentz, and Michael Walker.

[3] According to the Complaint: "Congress and the [Education] Department contemplated that it would take time for servicers to process borrowers' applications, determine borrowers' eligibility, and make the necessary calculations and/or status changes to borrowers' account. . . . That is why, at all relevant times, [ED] regulations have permitted lenders and their servicers to place borrowers' loans in 'administrative forbearance' status for up to 60 days while the servicer processes the necessary documentations." Complaint ¶ 31.

Notes by failing to rectify Great Lakes Defendants' wrongful acts on [Federal] Defendants' behalf."  Compl. ¶ 100.

The Complaint seeks a declaration "that [Federal] Defendants are jointly and severally liable for compensatory damages sustained by the Subclass as a direct result of [Federal] Defendants' breach of the MPNs governing Plaintiff's and Subclass members' FFELP and Direct Loans," and an injunction ordering that "Defendants take all actions necessary to bring each and every outstanding FFELP and Direct loan account affected by the illegal acts alleged herein into compliance with the relevant laws and loan terms identified herein."  Compl., Prayer for Relief, at C and E.

## ARGUMENT

I.   **THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE FEDERAL DEFENDANTS**

   A.   **For This Court to Hear Dawson's Claims Against The Federal Defendants, She Must Demonstrate That This Court Has Subject Matter Jurisdiction and That Sovereign Immunity Has Been Waived**

Federal courts are courts of limited jurisdiction.  *See Owen Equipment & Erection Co.v. Kroger*, 437 U.S. 365, 374 (1978).  A district court initially presumes that it lacks jurisdiction, and the burden of clearly and explicitly establishing jurisdiction rests upon the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  To invoke jurisdiction, a complaint must affirmatively and distinctly allege the statutory basis for jurisdiction.  *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 498 (M.D. Ala. 1994).  Thus, a plaintiff bears the burden of establishing that the requirements of federal subject matter jurisdiction have been met.  *See Kontos v. U.S. Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987) (citing *Western Transportation v. Couzens Warehouse & Distributor*, 695 F.2d 1033,

1038 (7th Cir. 1982)); *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (citing *Retired Chicago Police Assoc. v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996)).

The United States may not be sued without its consent, and the existence of consent is a prerequisite for jurisdiction against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Amwest Surety Ins. Co. v. United States*, 28 F.3d 690, 694 (7th Cir. 1994). To sue the United States in federal court, "a plaintiff must identify a statute that confers subject matter jurisdiction on the district court *and* a federal law that waives the sovereign immunity of the United States to the cause of action." *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003) (emphasis added) (citing *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002); *Kanar v. United States*, 118 F.3d 527, 530 (7th Cir.1997)). Absent an applicable waiver, sovereign immunity protects the federal government from any and all suits brought against it, without regard to any perceived unfairness, inefficiency, or inequity. *See Dept. of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). Any asserted waiver must be strictly construed in favor of the sovereign, and any questions or ambiguities must be resolved against waiver and in favor of sovereign immunity. *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991). A plaintiff has the burden to demonstrate an explicit waiver of sovereign immunity. *Clark*, 326 F.3d at 912; *McGuire v. United States*, 550 F.3d 903, 910 (9th Cir. 2008). Without an explicit waiver, the government is immune from suit, and the court has no subject matter jurisdiction. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

Sovereign immunity also extends to agencies of the United States, and officers of the United States acting in their official capacity. *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (citing *United States v. Testan*, 424 U.S. 392 (1976)); *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002) (citing *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475

(1994)). Thus, a federal court has no jurisdiction over a suit brought against an agency or officer of the United States in the absence of explicit statutory consent to be sued. *Whittle*, 7 F.3d at 1262; *Smith v. Booth*, 823 F.2d 94, 96-97 (5th Cir. 1987).

> **B. The Little Tucker Act Does Not Provide A Jurisdictional Basis Or Waiver Of Sovereign Immunity For Claims Against The Federal Defendants Because The Complaint Seeks A Reduction In Dawson's Debt, Not An Award Of Monetary Damages**

As to the Federal Defendants, the Complaint alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(a). Compl. ¶ 19. The Complaint then seeks a declaration that the Federal Defendants are liable for "compensatory damages" for breach of the Master Promissory Note, and an injunction ordering the Federal Defendants "to take all actions necessary to bring each and every outstanding FFELP and Direct Loan . . . into compliance with the relevant laws and loan terms." Compl., Prayer for Relief, C and E. Although styled as a claim for monetary, or "compensatory," damages, the breach of contract claim is nothing more than an impermissible request for debt cancellation and injunctive relief, neither of which this Court has jurisdiction to grant.

In relevant part, 28 U.S.C. § 1346(a)(2) (the "Little Tucker Act") waives sovereign immunity and grants the district courts original jurisdiction, concurrent with the Court of Federal Claims, over contract claims against the government not exceeding $10,000 in amount. *Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dept. of Homeland Sec.*, 490 F.3d 940, 943 (Fed. Cir. 2007) (citing *Doe v. United States*, 372 F.3d 1308, 1312 (Fed. Cir. 2004)). But the Little Tucker Act waives sovereign immunity only for claims for monetary relief, not equitable

5

relief, except in very limited circumstances[4] not applicable here. *Id.*; *see also Lee v. Thornton*, 420 U.S. 139, 140 (1975) ("The Tucker Act empowers district courts to award damages but not to grant injunctive or declaratory relief.").

This limitation on the Court's authority applies to district courts as well as the Court of Federal Claims because a district court, when exercising jurisdiction under the Little Tucker Act, in effect sits as the Court of Federal Claims, which does not have general equitable powers. *Doe*, 372 F.3d at 1313 (citing *United States v. Sherwood*, 312 U.S. 584, 589-91 (1941)).

The classic Tucker Act breach of contract claim arises where a party seeks "to obtain compensation by the Federal Government for damage sustained." *Doe*, 372 F.3d at 1312 (quoting *Eastport S.S. Corp. v. United States*, 178 Ct. Cl. 599, 372 F.2d 1002, 1010 (1967)). Such a claim constitutes a claim for monetary relief for purposes of the Little Tucker Act where, in essence, a party "is seeking a refund of money that it claims was *wrongfully paid* to the federal government." *Gonzales*, 490 F.3d at 944-45 (emphasis added) (quoting *Brazos Elec. Power Coop. v. United States*, 144 F.3d 784, 787 (Fed. Cir. 1998)). As the Federal Circuit explained:

> [T]here is a substantive difference between a plaintiff seeking the return of money it *already paid* the government and a plaintiff never having to pay the government in the first place. Simply stated, if the plaintiff in the second scenario prevails, he would not 'be receiving monetary damages from the public fisc of the United States.'

*Id.* at 945 (emphasis added) (quoting *Brazos*, 144 F.3d at 787).

In determining whether a claim is for monetary relief, a court must look beyond the form of the pleadings to the substance of the claim. *Gonzales*, 490 F.3d at 944 (citing *Brazos*, 144 F.3d at 787 (recognizing that "jurisdiction cannot be circumvented by such artful pleading and, accordingly, [a court must] look to the substance of the pleadings rather than their form")). "The

---

[4] "While limited equitable relief is sometimes available in Tucker Act suits, the equitable relief must be incidental and collateral to a claim for money damages." *Bobula v. U.S. Dept. of Justice*, 970 F.2d 854, 858-59 (Fed. Cir. 1992) (citing 28 USC § 1491(a)(2)).

fact that a judicial remedy may require one party to pay money to another is not a sufficient reason to characterize the relief as 'money damages.'" *Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988).

Even when a plaintiff seeks to possess herself of a sum of money, the remedy sought still should be considered equitable in nature when the relief sought is "specific performance of . . . contractual obligations," rather than compensatory relief for a loss. *See Gonzales*, 490 F.3d at 944-45; *see also Bowen*, 487 U.S. at 893 ("Our cases have long recognized the distinction between an action at law for damages—which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation—and an equitable action for specific relief—which may include an order providing for . . . the recovery of specific property or *monies* . . . or [an] injunction.") (internal quotations omitted); *Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 652 (2d Cir. 1998) (recognizing that the plaintiff's request for monetary damages was actually equitable in nature because "the remedy he seeks is to correct a procedural deficiency by [the government]"); *Crocker v. United States*, 125 F.3d 1475, 1477 (Fed. Cir. 1997) (claim seeking "the recovery of identified property and monies [is] an action that is equitable in nature and sharply distinguishable from an action at law for damages").

Accordingly, when a student borrower disputes the amount owed on her federal student loans, but still has a substantial outstanding balance, any breach of contract claim against the federal government fails on jurisdictional grounds because there is no possibility of receiving monetary damages from the public fisc. *See Johnson v. United States*, 105 Fed. Cl. 85, 95-96 (2012); *Valentino v. U.S. Dept. of Educ.*, No. 09CV0006, 2009 WL 2985686, at *2 (S.D. Cal. Sept. 16, 2009).

In *Johnson*, a student borrower brought a breach of contract action against the United States, asserting several issues with the administration of his federal loans and miscalculation of interest, and seeking to have portions of his outstanding student loan debt cancelled. *Johnson*, 105 Fed. Cl. at 87-90. Although the borrower sought monetary damages, he failed to identify any "injury that would require the government to pay him damages." *Id.* at 95. His "sole grievance" was that "the government . . . illegally increased his preexisting debt." *Id.* The court held that the request for cancellation of debt did not constitute the requisite monetary damages necessary to invoke jurisdiction under the Little Tucker Act:

> [E]ven if [the borrower] were to prove that a portion of his debt is unjustified, he would still owe a substantial outstanding balance to the Department of Education. [He] consequently has no grounds to demand a refund of payments already made and thus no claim for monetary damages.

*Id.* (citation omitted). Because the most the borrower could have hoped to achieve was "to obtain a discharge of the allegedly improper portion of his debt," the court dismissed the action for lack of jurisdiction. *Id.* at 95-96.

Similarly, in *Valentino*, a student borrower filed suit against the ED and Secretary Duncan, alleging that the amount of her student loan debt was miscalculated. *Valentino*, 2009 WL 2985686, at *1. The borrower had an outstanding loan balance of $14,084.83, and asserted that payments of $890.00 had not been properly applied to her account. *Id.* at *3. The court held that it lacked jurisdiction to entertain the breach of contract claim under the Little Tucker Act because the student's claims, if successful, would not result in the receipt of money damages from the government:

> [T]he record demonstrates that Plaintiff still owes substantial amounts on the loans and that the [United States] [T]reasury will be the net beneficiary upon receipt of outstanding principal and interest payments. Plaintiff simply fails to identify any circumstances under which she will obtain monies from the public fisc.

*Id.* at *3.

Here, just as the student borrowers in *Johnson* and *Valentino*, Dawson asserts that this Court has jurisdiction under the Little Tucker Act over her request to cancel a fraction ($819.65) of her substantial student loan debt ($25,686.43). *See* Compl. ¶¶ 19, 64-65. That is not a claim for monetary damages. Indeed, if Dawson were successful on her claims, the ED would merely be required to adjust her outstanding loan balance. But under no circumstances will she be entitled to a money payment from the public fisc of the United States, "which is the touchstone of Tucker Act jurisdiction." *Brazos*, 144 F.3d at 787; *Gonzales*, 490 F.3d at 945.

In sum, this Court simply lacks jurisdiction under the Little Tucker Act to issue the type of equitable relief requested—the cancellation of portions of debts owed to the United States. The Complaint should be dismissed against the Federal Defendants.

## II. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST SECRETARY DUNCAN

### A. Claims Not Alleging Sufficient Facts To Support A Reasonable Inference of Liability Should Be Dismissed Under Rule 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Conclusory statements and legal conclusions that are not supported by

specific facts are not entitled to the assumption of truth. *Id.* at 681. *See also McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Thus, once such allegations are disregarded, the court analyzes the remaining allegations and exhibits to determine whether they plausibly state a claim for relief. *Id.* at 678-79.

      **B.    The Complaint Fails To State A Claim Against Secretary Duncan Because He Is Only Named In His Official Capacity, Not For Any Alleged Action Or Inaction Giving Rise To Any Claim**

Public officials' "liability can only be predicated on their actual behavior." *Sportique Fashions, Inc. v. Sullivan*, 597 F.2d 664, 666 (9th Cir. 1979) (affirming judgment dismissing complaint against supervisory officials, explaining that "the doctrine of [r]espondeat superior" did not apply to them as "fellow servants [with alleged wrongdoers] of the (United States)"). Thus, a complaint against government officials "is 'fatally defective' on its face" when it is "entirely devoid of any allegations of their personal involvement in . . . the purported unlawful conduct . . . ." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987) (affirming dismissal of complaint against officials) (emphasis added) (quoting *Black v. United States*, 534 F.2d 524, 527-28 (2d Cir. 1976) (affirming dismissal of claims against officials for failure to state a claim, explaining "to limit vexatious litigation and to minimize interference with the orderly workings of government, it is required . . . that the plaintiff allege the [individual official's] direct and personal responsibility for the purportedly unlawful conduct of his subordinates")); *see also Lillibridge v. Morton*, 605 F.2d 557 (table), 1979 WL 30911, at *1-2 (6th Cir. 1979) (affirming dismissal of IRS Commissioners from action because "plaintiffs allege no personal involvement" by them and "doctrine of respondeat superior has no application").

For this reason, individual officials have been dismissed from cases seeking damages where the complaint fails to allege any improper action by them as individuals. *See*, *e.g.*, *Stone v. Derosa*, No. CV07-0680-PHX-PGR, 2009 WL 3497777, at *4-5 (D. Ariz. Oct. 28, 2009)

10

(after dismissing complaint, declining to amend judgment to permit government officials to remain as defendants in their official capacities because complaint failed to "allege specific facts that show that each defendant was personally involved") (citing *Sportique Fashions*, 597 F.2d at 666); *Terio v. Johann*, No. 05 Civ. 5918, 2006 WL 2819659, at *4 and n.9 (S.D.N.Y. Sept. 29, 2006) (granting USDA Secretary's motion to dismiss for failure to state a claim where plaintiff sued Secretary in his official capacity and alleged that USDA Secretary "is responsible for the general departmental direction" for a challenged program but "identified no personal actions on the part of the Secretary"); *Johnson v. United States*, 680 F. Supp. 508, 515 (E.D.N.Y. 1987) ("Since [plaintiff's] complaint fails to allege [government official's] direct personal involvement in unlawful conduct, it must be dismissed."); *Sportique Fashions, Inc. v. Sullivan*, 421 F. Supp. 302, 306 (N.D. Cal. 1976) (dismissing complaint against individual postal service officials who lacked "any personal involvement, either directly or indirectly, with the conduct of which [plaintiff] complains" because the officials may not "be held liable under a theory of vicarious liability for the acts of subordinates or other employees") (citing *Black*, 534 F.2d at 528), *aff'd*, 595 F.2d 1229 (table) (9th Cir. 1979) and *aff'd*, 597 F.2d 664 (9th Cir. 1979).

Here, the Complaint fails to state a claim against Secretary Duncan because it does not allege any wrongful action or inaction by him that is connected with the injuries alleged in the Complaint. The only allegations against him are that he "is the Secretary of the United States Department of Education vested with the authority to sue and be sued on behalf of the United States" and that he is named "as a defendant only in his official capacity." Compl. ¶ 15. Beyond those two sentences, the Complaint makes no other mention of Secretary Duncan, much less detail some decision or misconduct by him. Such allegations of "official capacity" do not plead a facially plausible claim for a governmental official's liability.

In sum, the Complaint should be dismissed as to Secretary Duncan for failing to state a claim.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed as to the Federal Defendants.

Dated: October 9, 2015

Respectfully submitted,

Benjamin C. Mizer
Principal Deputy Assistant Attorney General

Ruth A. Harvey
Director

Lloyd H. Randolph
Assistant Director

s/ Terrance A. Mebane
Terrance A. Mebane
Trial Counsel
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street NW, Room 10004
Washington, DC 20005
Telephone: (202) 307-0493
Facsimile: (202) 307-0494
Terrance.A.Mebane@usdoj.gov

*Counsel for Defendants the United States of America, the United States Department of Education, and Arne Duncan, in his official capacity as United States Secretary of Education*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2015, a true and correct copy of the foregoing, *Federal Defendants' Memorandum in Support of Its Motion to Dismiss the Complaint*, was filed electronically with the Court's Electronic Case Filing (ECF) system. I understand that notice of this filing will be sent to all parties by operation of the Court's ECF system.

s/ Terrance A. Mebane
Terrance A. Mebane
