FINKELSTEIN & KRINSK LLP
Jeffrey R. Krinsk, Esq. (*pro hac vice* pending)
jrk@classactionlaw.com
William R. Restis, Esq. (CA Bar #246823)
wrr@classactionlaw.com
David J. Harris, Jr., Esq. (CA Bar #286204)
djh@classactionlaw.com
Trenton R. Kashima, Esq. (CA Bar #291405)
trk@classactionlaw.com
550 West C Street, Suite 1760
San Diego, California 92101
Telephone: (619) 238-1333
Facsimile:  (619) 238-5425

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

MEREDITH D. DAWSON

                Plaintiff,

   v.

GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., GREAT LAKES HIGHER EDUCATION CORPORATION, JILL LEITL, DAVID LENTZ, MICHAEL WALKER, THE UNITED STATES OF AMERICA, THE UNITED STATES DEPARTMENT OF EDUCATION, and ARNE DUNCAN in his official capacity as United States Secretary of Education

                Defendants.

Case No. 15-cv-00475-bbc

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO GOVERNMENT DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

1

## I. INTRODUCTION

In their Motion to Dismiss the Complaint (Dkt. 22) ("Government's MTD"), Government Defendants[1] *concede* that Plaintiff has sufficiently alleged breach of the promissory notes governing her FFELP and Direct student loans.[2] *See generally* Government's MTD. Nevertheless, Government Defendants go to great lengths to make a very simple argument in favor of dismissal. Their argument boils down to this: (1) Plaintiff has not requested money damages in connection with her breach of contract claim; and (2) even if she has, she is not entitled to money damages because she still owes money on her student loans. Government's MTD at 1-9.[3] "This argument is meritless." *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 651 (7th Cir. 2015). The Complaint requests money damages, and Plaintiff is entitled to money damages for the wrongful charges assessed against her. *See id.*

In addition, Government Defendants seek dismissal of Plaintiff's claim against the United States Secretary of Education ("Secretary Duncan") because Plaintiff does not allege any personal conduct on his part. Government's MTD at 10-11. They cite no applicable authority on this point, and their own regulations contradict it. *See, e.g.,* 34 C.F.R. § 685.100(a) ("Under the

---

[1] The Complaint (Dkt. 1) in this action refers to the United States of America, the United States Department of Education and the United States Secretary of Education, Arne Duncan, as "Government Defendants." Government Defendants originally adopted the Complaint's notation (*see* Dkt. 7), but have since renamed themselves the "Federal Defendants" in their Motion to Dismiss. For clarity and consistency, Plaintiff continues to use the Complaint's notation herein, but will adopt whatever notation the Court prefers in its order on the instant motion.

[2] Capitalized terms not defined herein have the same meaning as in Plaintiff's Class Action Complaint (Dkt. 1) ("Complaint"). Emphasis is added and internal quotations are omitted herein unless otherwise stated.

[3] Great Lakes Defendants raise a similar argument as an affirmative defense to Plaintiff's claims. *See* Great Lakes Defendants' Answer and Counterclaim (Dkt. 24) at ¶¶103-105 ("[Plaintiff] still has significant balances outstanding on her loans. [She] has not, therefore, suffered any injury or damage . . . .").

[Direct Loan Program], *the Secretary* makes loans . . . ."); 34 C.F.R. § 685.205(b) ("Administrative forbearance. In certain circumstances, *the Secretary* grants forbearance . . . ."). Government Defendants' Motion to Dismiss the Complaint should be denied in its entirety.

## II.     ARGUMENT

### A. Government Defendants have waived their sovereign immunity, and this Court has subject matter jurisdiction pursuant to the Little Tucker Act.

Government Defendants concede that the Class Action Complaint (Dkt. 1) ("Complaint") in this case sufficiently alleges breach of Plaintiff's FFELP and Direct loan contracts. *See generally* Government's MTD. They challenge whether Plaintiff's breach of contract claim falls within the ambit of the Little Tucker Act, 28 U.S.C. § 1346(a) ("LTA"). Government's MTD at 1-9. In other words, Government Defendants question whether this Court has the power to adjudicate Plaintiff's claim. The Court most certainly does.

#### 1.   The Complaint seeks money damages from Government Defendants.

As Government Defendants recognize, the LTA "waives sovereign immunity and grants the district courts original jurisdiction . . . over contract claims against the government not exceeding $10,000 in amount." *Id.* at 5; *see also* 28 U.S.C. § 1346(a)(2). The LTA applies only to "claims for monetary relief, not equitable relief." *Id.*; *see also Lee v. Thornton*, 420 U.S. 139, 140 (1975) ("The Tucker Act empowers district courts to award damages but not to grant injunctive or declaratory relief.").

Here, the Complaint explicitly seeks damages from Government Defendants as a direct result of their breach of FFELP and Direct loan agreements. Complaint at ¶101 ("Plaintiff and Subclass members have been *damaged* by Government Defendants' ongoing breach of the applicable Master Promissory Notes, *in quantifiable dollar amounts* to be proven at trial."); *id.* at Prayer for Relief ("Government Defendants are jointly and severally liable for *compensatory*

3

*damages* sustained by the Subclass as a direct result of Government Defendants' breach of the MPNs governing Plaintiff's and Subclass members' FFELP and Direct loans."). Government Defendants begrudgingly acknowledge this, as they must.  Government's MTD at 5.

Nevertheless, they rely on inapposite, out-of-Circuit authority to contend that the Court "must look beyond the form of the [Complaint] to the substance of [Plaintiff's] claim." *Id.* at 6 (citing *Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dept. of Homeland Sec.*, 490 F.3d 940, 943 (Fed. Cir. 2007).  As a practical matter, it is difficult to imagine a case that presents damages more monetary in "substance" than the damages presented here.  *Id.*  Plaintiff's damages are not merely measurable in terms of dollars and cents; they are *actually* dollars and cents that are calculable with mathematical certainty.  *See* Complaint at ¶¶64-66.

Undaunted by such clarity, Government Defendants analogize *Gonzales* to argue that Plaintiff's demand for relief can only be viewed as requesting "debt cancellation."  *Id.* at 6-7. Unlike Plaintiff's Complaint, however, the complaint in *Gonzales* expressly requested "monetary damages, *in the form of cancellation of debt.*"  *Gonzales*, 490 F.3d at 942.  The *Gonzales* court emphasized this fact twice in one paragraph of its opinion.  *Id.*  It is therefore unsurprising that the *Gonzales* court viewed that plaintiff's limited demand for relief as one for "specific performance of [the government's] contractual obligations."  *Id.* at 945.  In the end, the *Gonzales* court decided that it lacked jurisdiction *because* "[i]f Gonzales prevails on the merits, . . . [n]o monies would be due Gonzales."  *Id.*  Its conclusion stemmed from unique the facts of that case and the *Gonzales* plaintiffs' own demand.  *See generally id.*

In relying on *Gonzales* to argue that Plaintiff is not entitled to damages, Government Defendants merely beg the question.  The question is whether the Plaintiff *in this case* is entitled

4

to damages if she prevails on the merits of her breach of contract claim. Government Defendants have not answered this question. The Seventh Circuit has.

### 2. Plaintiff is entitled to monetary damages.

Three weeks into this action, the Seventh Circuit addressed a similar action alleging RICO violations and breach of contract on the part of a FFELP lender. *See generally Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633 (7th Cir. 2015). In *Bible*, the FFELP lender—like Government Defendants here—argued that the borrower **failed to plead damages** "because she defaulted on her loan and continues to owe money on that obligation." *Id.* at 651. The Seventh Circuit summarily rejected the argument, stating:

> This argument is meritless. Of course Bible continues to owe money under her loan obligation. That does not mean she has not been damaged by USA Funds' imposing over $4,500 in unauthorized collection costs. These costs represent new charges that have been added to her accrued interest and principal, thereby increasing the total amount she owes on her account. Because these charges were not permitted by her contract, she has plausibly alleged **damages**, even if the remedy might take the form of a credit to her account rather than cash in her pocket.

*Id.* Indeed, this is a matter of common sense.

Government Defendants will likely protest that *Bible* has no application here because it did not interpret the LTA. If they do, they will be putting the cart before the horse. Interpretation of the LTA does not determine questions of contract law; contract law determines the application of the LTA to this case. *See United States v. Winstar Corp.*, 518 U.S. 839, 918 (1996) (holding that "the government is ordinarily treated like a private party when it enters into contracts"); *Johnson v. United States*, 105 Fed. Cl. 85, 91 (2012) ("The Tucker Act waives sovereign immunity and enables a plaintiff to sue the United States for money damages, but it does not itself create [or destroy] a substantive right to monetary relief from this court. A substantive right must be found in some other source of law."). If, as in *Bible*, a private party is

5

liable for damages caused by a breach of student loan contracts, the government is just as liable for damages caused by a breach of those same contracts. *Id.* So long as Plaintiff has demanded damages (she absolutely has) and is entitled to damages as a matter of contract law (she absolutely is), then her breach of contract claims are within the purview of the LTA. *See id.*

Government Defendants understood this a few years ago when they conceded—and invoked—a district court's jurisdiction over a case nearly identical to this one. *See generally Pfeiffer v. Duncan*, 659 F. Supp. 2d 160 (D.D.C. 2009) (granting summary judgment for plaintiff in a case involving interest capitalizations that breached the Master Promissory Notes for Direct loans). In *Pfeiffer*, Government Defendants not only declined to contest the court's jurisdiction, they moved the court to summarily decide plaintiff's breach of contract claim, despite the fact that she had outstanding balances on her Direct loans. *Id.* at 161-165. In fact, Government Defendants won dismissal of the plaintiff's claims for injunctive and declaratory relief, while treating her claim for monetary damages as, well, a claim for monetary damages: ***because that was what her claim clearly was.*** And that is what Plaintiff's claim clearly is. *See Bible*, 799 F.3d at 651 ("Of course Bible continues to owe money under her loan obligation. That does not mean she has not been damaged . . . .").[4]

The Court should part ways with out-of-Circuit decisions to the contrary because they rest on extremely shaky ground. *E.g., Johnson v. United States*, 105 Fed. Cl. 85 (2012);

---

[4] While the Complaint also prays broadly for an injunction against "Defendants" instead of merely "Great Lakes Defendants," that does not erase the fact that Plaintiff expressly prays for and is entitled to compensatory damages from Government Defendants. *See US Bank Nat'l Ass'n v. Builders Bank*, No. 08–cv–5648, 2009 WL 2985952, at *3 (N.D. Ill. Sep. 16, 2009) ("[W]hile a complaint must include a demand for the relief sought, it 'may include relief in the alternative or different types of relief.'") (quoting Fed. R. Civ. P. 8(a)(3)). The Court should simply decline to grant injunctive relief with respect to Government Defendants, as the *Pfeiffer* court did. *See Pfeiffer*, 659 F. Supp. 2d at 172-73.

6

*Valentino v. U.S. Dept. of Educ.*, No. 09CV0006, 2009 WL 2985686, at *2 (S.D. Cal. Sept. 16, 2009). The *Johnson* court, to its credit, began with a proper rule:

> The Tucker Act waives sovereign immunity and enables a plaintiff to sue the United States for money damages, but it does not itself create a substantive right to monetary relief from this court. ***A substantive right must be found in some other source of law. Accordingly, to satisfy the jurisdictional requirements of the Tucker Act, the plaintiff must point to an independent, substantive source of law that mandates payment from the United States for the injury suffered.***

*Johnson*, 105 Fed. Cl. at 91. The *Johnson* court continued:

> [The plaintiff] correctly notes that when a breach of contract claim is brought in the Court of Federal Claims under the Tucker Act, ***the plaintiff comes armed with the presumption that money damages are available.*** However, this presumption is not always borne out, for the government's consent to suit under the Tucker Act does not extend to every contract. (alteration in original) ***The central inquiry is still whether the particular contract in question would give rise to monetary damages.*** (emphasis in original)

*Id.* at 95.

Here, as a matter of "independent, substantive" contract law, Plaintiff is entitled to monetary damages under the "particular contract[s] in question." *Johnson v. United States*, 105 Fed. Cl. at 91, 95; *Bible*, 799 F.3d at 651 ("Because these charges were not permitted by her contract, she has plausibly alleged damages . . . ."); *see also Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992) (reasoning in a RICO and breach of contract case where federal student loan obligations *were* the alleged monetary damages: "[The district court] concluded that the jury could have found the federal government suffered the loss from the defaulted student loans, not the students. ***This conclusion, however, is not supported by law. It is the plaintiffs who remain liable to the federal government for repayment of the loans*** . . . ."). Unfortunately, the *Johnson* court relied on *Valentino*—not settled contract law—to hold that the plaintiff could not obtain "monetary damages" because he still had outstanding student loans. *Johnson*, 105 Fed. Cl. at 96.

The *Valentino* court, for its part, also began with a fine rule:

7

> The classic Tucker Act breach of contract claim arises where a party seeks to obtain compensation by the Federal Government for damage sustained. Even if characterized as a declaration of rights or an injunction, such a claim constitutes a claim for monetary relief for purposes of the Little Tucker Act where, in essence, a party is seeking a refund of money that it claims was wrongfully paid to the federal government. ***Whether monies are received directly from the Government or credited as an offset are irrelevant.*** Either way [a party] would be receiving monetary damages from the public fisc of the United States which is the touchstone of Tucker Act jurisdiction.

*Valentino*, 2009 WL 2985686, at *2. Yet without consulting "independent, substantive" principles of contract law, the *Valentino* Court decided that the plaintiff could not obtain "monetary relief" in part because he still had outstanding loans. *Id.* at 3. But the *Valentino* court contradicted itself. If a credit to existing debt is monetary relief, then a credit to existing debt is monetary relief. What a Plaintiff has paid to the government historically is irrelevant; if anything, such payments might bear (pre-*Bible*) on the question of whether there is any injury at all, but it certainly would affect the settled nature of the relief. Regardless of whether a plaintiff has already paid some wrongful debt or not, the ***relief*** (i.e., account credits) is the same: in form, in source, and in substance. The account credits are coming from the exact same "public fisc" in either scenario. *Id.* at *2.[5]

At bottom, Government Defendants claim the right to unilaterally—and with impunity—encumber millions of borrowers in trillions of dollars of debt ***in direct violation of their own laws and loan agreements***. In their view, if a student borrower signed a promissory note for $10,000, then they can execute or buy that note, and then use it to wrongfully tack on another $9,000. Meanwhile, the debt-ridden student has no right of action, save the right to make a

---

[5] Indeed, what if Government Defendants wrongfully added $100 of debt to a plaintiff's existing $10,000, and the borrower had paid off $20 out of that wrongful $100? According to Government Defendants, that borrower could properly request from the Court an account credit of $20, but not an account credit for the remaining $80. Nothing in the Little Tucker Act requires such an absurd result.

polite phone call to their friendly neighborhood loan servicer. This is neither a supportable nor a desirable rule of law.

Therefore, the Court should recognize Government Defendants' waiver of sovereign immunity and its own jurisdiction to adjudicate Plaintiff's breach of contract claim.

### B.  Secretary Duncan is a proper Defendant in this action.

For their second argument, Government Defendants rely (again) on inapposite, out-of-Circuit authority to argue that a public official can ***never*** be held liable for ***anything*** in his or her official capacity unless a complaint alleges that he or she personally engaged in some particularized wrongdoing. Government's MTD at 9-11. Not one of their cases says anything of the sort.[6] What Government Defendants actually raise is a question of first impression: whether the United States Secretary of Education may be sued in his or her official capacity for breach of federal student loan agreements, with or without personal conduct on the Secretary's part. Every applicable authority shows that the answer to this question is a resounding "yes."

As an initial matter, the Higher Education Act of 1965 ("HEA") establishes the Secretary's "[l]egal powers and responsibilities" with respect to the FFEL Program. 28 U.S.C. § 1082. It provides in pertinent part: "[i]n the performance of, and with respect to, the functions,

---

[6] *Sportique Fashions* held that the doctrine of respondeat superior does not apply to ***tort*** claims against postal workers. *Sportique Fashions, Inc. v. Sullivan*, 597 F.2d 664, 666 (9th Cir. 1979). *Alfaro Motors* and *Black* held that New York City police officers and IRS officials, respectively, could not be liable under *§ 1983* unless they personally violated the plaintiff's rights (not a contract). *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886-87 (2d Cir. 1987); *Black v. United States*, 534 F.2d 524, 527-28 (2d Cir. 1976). Likewise, *Lillibridge* held that the "doctrine of respondeat superior has no application to ***civil rights*** cases." *Lillibridge v. Morton*, 605 F.2d 557 (table), 1979 WL 30911, at *1 (6th Cir. 1979). *Stone* held the same. *Stone v. Derosa*, No. CV07-0680-PHX-PGR, 2009 WL 3497777, at *4-5 (D. Ariz. Oct. 28, 2009). *Terio* was premised entirely on the ***absence*** of any statutory waiver of sovereign immunity. *Terio v. Johann*, No. 05 Civ. 5918, 2006 WL 2819659, at *4 and n.9 (S.D.N.Y. Sept. 29, 2006). And finally, *Johnson* rejected an IRS Commissioner's vicarious liability both in ***tort*** and for alleged ***constitutional*** violations in a tax case. *Johnson v. United States*, 680 F. Supp. 508, 513-16 (E.D.N.Y. 1987). Not one of these decisions is even tangentially relevant to this action.

powers, and duties, vested in him by this part, the Secretary may . . . sue and be sued . . . in any district court of the United States, . . . *and [an] action instituted under this subsection by or against the Secretary shall survive notwithstanding any change in the person occupying the office of Secretary.*" 28 U.S.C. § 1082(a)(2). If—as Government Defendants argue—Fed. R. Civ. P. 12(b)(6) always requires a plaintiff to plead personal misconduct by a government official, this provision of the HEA could not stand. But the Federal Rules of Civil Procedure cannot "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072. So Government Defendants' across-the-board rule cannot be correct.[7]

The statutes and regulations governing Plaintiff's FFELP and Direct loans show that Secretary Duncan (in his official capacity only) is a party to the contracts at issue and thus a proper Defendant in this action. As Plaintiff explains in her Complaint, "[e]ntities that purchase [FFELP] loans after origination assume the originator's rights and responsibilities under the original loan agreements." Complaint at ¶14, n.2.[8] The Complaint also explains that, in 2008, "the Department of Education [purchased] a large volume of outstanding FFELP loans from the private sector to temporarily fund the origination of new FFELP loans." *Id.* at ¶21. That large purchase of FFELP loans was authorized by 28 U.S.C. § 1087i-1, which provided in pertinent part: "[u]pon a determination *by the Secretary* that there is an inadequate availability of loan capital to meet the demand for loans under [the FFEL Program], . . . *the Secretary*, in consultation with the Secretary of the Treasury, *is authorized to purchase*, or enter into forward commitments to purchase [FFELP loans] . . . ."). 28 U.S.C. § 1087i-1(a)(1). If the Secretary (in

---

[7] In *Pfeiffer*, the plaintiff's complaint named Secretary **Spellings** as a defendant, but two years later, the court entered summary judgment against Secretary **Duncan**. 659 F. Supp. 2d 160, at n.1. The caption may have changed, but the liability of the Secretary did not. *Id.* Government Defendants had no objection then and have no valid reason to object now.

[8] Government Defendants do not dispute this.

his official capacity) purchased the FFELP loans at issue, then the Secretary (in his official capacity) is liable as a lender for breach of the Master Promissory Notes, regardless of whether Secretary Duncan himself engaged in any act or omission amounting to breach.

The analysis is even more straightforward with respect to Plaintiff's Direct loans. Government Defendants' own regulations state that "the Secretary" is the lender of Direct loans—and furthermore—that "the Secretary" places Direct borrowers' loans into the very B-9 Forbearances that are the subject of this action. *See* 34 C.F.R. § 685.100(a) ("Under the [Direct Loan Program], ***the Secretary*** makes loans . . . ."); 34 C.F.R. § 685.205(b) ("Administrative forbearance. In certain circumstances, ***the Secretary*** grants forbearance . . . ."). As with the FFELP loans at issue, the United States Secretary of Education is a party to the Direct loans at issue and therefore a proper party to this action.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Government Defendants' Motion to Dismiss the Complaint.

Respectfully submitted,

FINKELSTEIN & KRINSK LLP
Jeffrey R. Krinsk, Esq. (*pro hac vice* pending)
jrk@classactionlaw.com
William R. Restis, Esq. (CA Bar #246823)
wrr@classactionlaw.com
David J. Harris, Jr., Esq. (CA Bar #286204)
djh@classactionlaw.com
Trenton R. Kashima, Esq. (CA Bar #291405)
trk@classactionlaw.com

Dated: November 10, 2015          By:        s/ David J. Harris, Jr.
                                          David J. Harris, Jr., Esq.

                                          550 West C Street, Suite 1760
                                          San Diego, California 92101
                                          Telephone: (619) 238-1333
                                          Facsimile:  (619) 238-5425

                                          Counsel for Plaintiff