IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MEREDITH D. DAWSON,                                      OPINION AND ORDER

           Plaintiff,                                      15-cv-475-bbc

      v.

GREAT LAKES EDUCATION LOAN
SERVICES, INC., GREAT LAKES HIGHER
EDUCATION CORPORATION, JILL LEITL,
DAVID LENTZ and MICHAEL WALKER,

           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Meredith D. Dawson has filed this putative class action lawsuit against defendants Great Lakes Education Loan Services, Inc., Great Lakes Higher Education Corporation and certain Great Lakes Education Loan Services, Inc. executives.  She contends that defendants violated the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961-1964) (RICO), were negligent in capitalizing certain types of interest that had accrued on plaintiff's loans and made negligent misrepresentations in connection with their actions.

      Presently before the court is plaintiff's motion for class certification under Fed. R. Civ. P. 23(b)(3), which I am denying.  At this stage of the litigation, plaintiff's claims remain too vague and her injury too ill-defined to enable the court to conduct the necessary inquiry into whether Rule 23(a) and Rule 23(b)(3)'s requirements are met.  I will give her an

1

opportunity to submit additional briefing in support of her motion for class certification and I will deny defendants' motion to submit supplemental briefing as moot.

From the declarations, depositions and other materials submitted by the parties, I find the following facts for the purpose of deciding plaintiff's motion for class certification.

BACKGROUND

Great Lakes Education Loan Service, Inc. and Great Lakes Higher Education Corporation are student loan servicing companies that contract with the United States Department of Education to service borrowers' accounts.  (The parties do not distinguish between these two entities in their briefs, so I will refer to them collectively as "Great Lakes.")  Defendants Jill Leitl, David Lentz and Michael Walker are officers for Great Lakes.

The majority of loans made by Great Lakes are held by the Department of Education under the Federal Family Education Loan program (FFEL loans) or the William D. Ford Direct Loan program (Direct loans). Plaintiff took out both FFEL loans and Direct loans serviced by Great Lakes.

The interest rates borrowers must pay on FFEL loans and Direct loans are determined by Congress.  Generally, interest that accrues on student loans is subject to capitalization, which is the process by which unpaid interest is added to the principal balance.  Once added to the principal balance, additional interest accrues on that capitalized amount.  The Department of Education promulgates rules and provides guidance for capitalizing accrued interest.

2

The general rule is that accrued interest is capitalized when the interest accrues. However, during a B-9 Forbearance period, the borrower's monthly payment obligations are suspended for up to 60 days while Great Lakes processes certain paperwork related to a borrower's request to switch repayment plans. Government regulations clearly provide that interest that accrues during a B-9 Forbearance ("intra-forbearance interest") is not subject to capitalization. However, the regulations do not make it clear whether the conclusion of a B-9 Forbearance qualifies as a "triggering event" for purposes of capitalizing the interest that accrued *prior* to the forbearance (so-called "pre-forbearance interest"). Between 2009 and September 2014, Great Lakes generally capitalized accrued pre-forbearance interest at the conclusion of the B-9 Forbearance period. The parties cite conflicting evidence on the questions whether this practice was prohibited by the governing regulations, what guidance defendants received from the Department and the nature of the borrowers' master promissory notes.

On October 3, 2013, plaintiff's loans were placed into a B-9 Forbearance period while she applied for a switch from a standard repayment plan to an "income driven repayment plan." Her application for an income driven repayment plan was approved. At the conclusion of the B-9 Forbearance on November 28, 2013, Great Lakes capitalized $819.65 worth of accrued interest on her loan, which included interest accrued during the B-9 Forbearance period. Plaintiff filed suit on July 31, 2015, contending that the capitalization of this interest was "illegal" and in violation of the regulations prohibiting the capitalization of intra-forbearance interest. Great Lakes determined that its system was

3

programmed so that generally intra-forbearance interest was not capitalized.  However, it discovered two errors that had improperly inflated plaintiff's principal balance.  First, Great Lakes had mistakenly programmed its system so that only the interest that accrued up to, rather than through, the sixtieth day of the B-9 Forbearance period was exempt from capitalization.  In other words, Great Lakes was improperly capitalizing one day of B-9 Forbearance interest.  This single day of B-9 Forbearance interest represented $4.09 of the $819.65 plaintiff contends was illegally capitalized.  Second, payments being made during the B-9 Forbearance period were being credited improperly against intra-forbearance interest before being credited against pre-forbearance interest.  By applying plaintiff's payment to the intra-forbearance interest first, Great Lakes allowed $125.78 of plaintiff's pre-forbearance interest to be capitalized.  Neither error was identified specifically in the complaint and defendants assert that they have corrected these programming errors and rectified plaintiff's and all other borrowers' accounts.

OPINION

Plaintiff has moved to certify a class under Fed. R. Civ. P. 23(b)(3).  Before I can consider whether certification is appropriate under that rule, I must determine whether plaintiff has met the requirements set forth in Fed. R. Civ. P. 23(a), which provides that class certification is appropriate only when "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the

class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). If those threshold requirements are met, I must then determine whether plaintiff has met Rule 23(b)(3)'s requirements that "common questions of law and fact predominate over individual questions" and that a class action is "superior" to other methods of adjudication. Fed. R. Civ. P. 23(b)(3). It is plaintiff's burden to establish that each of these elements is met. Retired Chicago Police Association v. City of Chicago, 7 F.3d 584, 596 (7th Cir. 1993).

In deciding a motion for class certification, the court cannot accept the parties' assertions at face value. Instead, the court must "look beyond pleadings in order to properly understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful decision on class certification, as it must consider how a trial on the merits would be conducted." Joseph M. McLaughlin, McLaughlin on Class Actions § 3:12 (11th ed. 2014) (citing Comcast Corp. v. Behrend, 133 S. Ct. 1426 (2013)). After reviewing plaintiff's complaint and the parties' class certification materials, I conclude that plaintiff's claims and her alleged injuries are too vague to enable the court to conduct the "rigorous analysis" required by Rule 23.

## A. Plaintiff's Class is Overbroad

Plaintiff requests certification of the following class:

All persons who, between January 1, 2006 and the present: (i) were borrowers of a student loan issued under the Federal Family Education Loan Program ("FFEL" or "FFELP"), or of a  student loan issued under the Federal Direct Loan Program ("Direct"); (ii) had their FFELP and/or Direct student loan(s)

5

> serviced by Great Lakes Educational Loan Services, Inc. or Great Lakes Higher Education Corporation (collectively, "Great Lakes"); **and** (iii) had Great Lakes place their FFELP and/or Direct student loan(s) in an administrative forbearance status for a period of up to 60 days, concurrent with the processing of their application for a deferment, forbearance, consolidation loan, or change in repayment plan.

Plt.'s Br., dkt. #55, at 1. The problem with this definition is that it includes all borrowers that were subject to a B-9 Forbearance, regardless whether any of the interest that accrued on their accounts was capitalized, either before or during that forbearance. It is clear there was no injury to the individuals whose loans were placed in a B-9 Forbearance status, but were not subject to the capitalization of any of their intra-forbearance interest, or to the individuals for whom the conclusion of this forbearance period was not a triggering event for interest capitalization purposes.

A district court cannot certify a class including a large number of persons that have not suffered a tangible injury. Kohen v. Pacific Investment Management Co. LLC, 571 F.3d 672, 677-78 (7th Cir. 2009) ("[A] class should not be certified if it is apparent that it contains a great many persons who have suffered no injury at the hands of the defendant[.]"); Oshana v. Coca-Cola Co., 472 F.3d 506, 514 (7th Cir. 2006) (denying class certification where a proposed class definition included "countless members" who could not "show any damage"). If plaintiff decides to refile her motion for class certification, at a minimum, her proposed class must be limited to individuals who were subject to either the capitalization of intra-forbearance interest or who had pre-forbearance interest capitalized at the conclusion of their B-9 Forbearance period.

### B. Plaintiff's Claim are Too Vague for Class Certification

An additional and equally significant problem with plaintiff's motion for class certification is that her claims are too vague and ill-defined to allow the court to conduct the necessary Rule 23 analysis. Without additional details regarding plaintiff's claims, her legal theories and the particular issues that need to be decided, I cannot determine whether there are a sufficient number of putative class members with identical claims, whether plaintiff's claims are typical of those she seeks to represent, which issues are common among the class and whether those common issues predominate over issues that will require individualized proof. I will set forth the concerns I have regarding whether plaintiff's claims are subject to class-wide adjudication so that plaintiff can attempt to address them if she files any subsequent motions for class certification.

### 1. Plaintiff's theory as to defendants' wrongful conduct

Plaintiff's civil RICO, negligent misrepresentation and negligence claims against defendants all hinge on her contention that defendants "wrongfully capitalized a total of $819.65 in B-9 Interest on [her] FFELP and Direct loans." However, plaintiff is equivocal as to why the capitalization of this amount was wrongful. Throughout her class certification materials, she raises at least three disparate theories without clearly committing to any one of them. Plaintiff's failure to clarify the basis for her belief that defendants' capitalization of her interest was improper precludes class certification because some of her theories may be more amenable to class certification than others and the scope of the class will necessarily

7

vary depending upon which theory she intends to pursue.

The theory that comes across most clearly in her complaint is her theory that the $819.65 in wrongfully capitalized interest was interest that accrued during the B-9 Forbearance period.  As I have noted, the capitalization of intra-forbearance interest is clearly prohibited by the applicable regulations, see, e.g., 34 C.F.R. §§ 682.11(f), 682.11(f)(11) ("Interest that accrues during [a B-9 Forbearance] period is not capitalized."), thereby lending strong legal support for this theory. However, in her motion for class certification, plaintiff appears to back away from her "intra-forbearance capitalization" theory. As defendants point out, their system was always programmed so that intra-forbearance interest was not capitalized. (Although defendants identified a programming error that led to the capitalization of one day of intra-forbearance interest, I am construing this capitalization issue as separate and distinct from the willful capitalization of *all* B-9 Forbearance interest described in the complaint.).  If plaintiff is pursuing a theory that her intra-forbearance interest was improperly capitalized, she should say so and the proposed class (or a subclass) should be limited to those individuals that were subject to the same specific capitalization error.

The theory that plaintiff now appears to be pursuing at the class certification stage is that defendants' practice of capitalizing her pre-forbearance interest at the conclusion of a B-9 Forbearance was improper. I have a number of reservations about the merits of this claim, including (1) the basis for plaintiff's belief that this capitalization practice was improper; (2) whether the ambiguity inherent in the governing regulations and the

8

department's guidance is fatal to plaintiff's civil RICO fraud claim; and (3) how plaintiff was injured by the capitalization of her pre-forbearance interest at the conclusion of her B-9 Forbearance period if that interest was subject to eventual capitalization anyway. However, these issues are better suited for resolution in a motion for summary judgment. At this stage, all that is necessary for plaintiff to do is decide whether this is the theory she is pursuing, so that the class or a subclass can be defined accordingly.

Finally, plaintiff appears to be relying, at least in part, on the two programming errors defendants identified while investigating plaintiff's claims. However, I will not certify a claims based on these two errors. They are too far removed from the claims plaintiff alleged in her complaint. First, defendants admit that Great Lakes' practice of crediting payments against intra-forbearance interest before pre-forbearance interest was improper, but that practice has nothing to do with plaintiff's claim that defendants wrongfully capitalized $819.65 worth of interest at the conclusion of her B-9 Forbearance. Rather, this issue relates to the rules governing the application of payments to an account, not to how a B-9 Forbearance affects the capitalization of interest. Second, plaintiff did not raise any claim in her complaint about programming errors that caused a single day of intra-forbearance interest to be capitalized in her account. Moreover, with respect to both of these issues, it does not appear that plaintiff disputes defendants' contention that these errors have been corrected and that all affected borrowers' accounts have been rectified. If plaintiff wishes to certify a class based on these alleged errors, she will have to obtain leave to file an amended complaint.

2.  Plaintiff's injury

In addition to the ambiguity surrounding plaintiff's contention that the capitalization of her interest was wrongful, class certification is not possible at this stage because plaintiff's alleged injury is too vague.  To obtain class certification, plaintiff must identify her alleged injury and show that the class suffered the same type of injury.  Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011) ("Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury. This does not mean merely that they have all suffered a violation of the same provision of law.") (internal citations and quotations omitted).  Plaintiff is proceeding against defendants on a civil RICO fraud claim, a negligent misrepresentation claim and a common law negligence claim, all three of which require proof of injury.  Plaintiff states that she was injured by being "overcharged," but she does not state whether she ever submitted a payment in excess of the amount she actually owes.

Plaintiff cites Bible v. United Student Aid Funds, Inc., 799 F.3d 633, 651 (7th Cir. 2015), for the proposition that simply receiving an inflated accounted statement is enough to state a claim.  However, Bible is inapposite.  The issue in that case was whether the plaintiff had pleaded damages in the context of a breach of contract claim.  Here plaintiff is asserting tort claims, including a civil RICO fraud claim, which requires tangible and concrete financial losses to business or property.  In other words, there must be an "out-of-pocket" loss.  See, e.g., Evans v. City of Chicago, 434 F.3d 916, 925-26 (7th Cir. 2006) ("[E]very court that has addressed this issue has held that injuries proferred by plaintiffs in order to confer RICO standing must be 'concrete and actual,' as opposed to speculative and

10

amorphous."), <u>overruled on other grounds</u>, <u>Hill v. Tangherlini</u>, 724 F.3d 965 (7th Cir. 2013); <u>In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation</u>, 155 F. Supp. 2d 1069, 1091 (S.D. Ind. 2001) ("Federal courts have consistently and repeatedly held that to satisfy the injury requirements of [a civil RICO claim], a plaintiff must prove an actual, concrete monetary loss (*i.e.*, an 'out-of-pocket' loss).").

Identifying plaintiff's injury is necessary for defining the scope of the class.  It is also necessary for confirming that plaintiff has standing to maintain her claims in the first place. At least with respect to plaintiff's civil RICO claim, courts have consistently held that alleging a cognizable injury under RICO is a jurisdictional standing issue.  <u>Evans</u>, 434 F.3d at 924 ("The phrase 'injured in business or property' has been interpreted as a standing requirement—rather than an element of the cause of action—which must be satisfied in order to prevail on a RICO claim. . . . As such, the issue represents a jurisdictional requirement which remains open to review at all stages of the litigation.") (internal quotations and citations omitted); <u>Gagan v. American Cablevision, Inc.</u>, 77 F.3d 951, 958-59 (7th Cir. 1996).  Although defendants argue that plaintiff lacks standing to sue, this issue cannot be addressed until after plaintiff provides further details regarding the exact nature of her alleged injuries.  Therefore, if plaintiff clarifies the scope of her claims and the harm she contends she has suffered, the parties may submit additional briefing on the issue of plaintiff's standing: in particular, whether she has suffered an "injury" for Article III purposes.

11

ORDER

IT IS ORDERED that

1. Plaintiff Meredith D. Dawson's motion to certify a class under Rule 23, dkt. #54, is DENIED.  If plaintiff wishes to try again to show that a class would be proper in this case, she may have until October 20, 2016 to file a renewed motion for class certification addressing the issues identified in this order.  Defendants Great Lakes Educational Loan Services, Inc., Great Lakes Higher Education Corporation, Jill Leitl, David Lenz and Michael Walker may have 21 days after plaintiff files her renewed motion in which to file a response brief.  Plaintiff's reply shall be filed within 10 days of the filing of defendants' response brief.

2. Plaintiff's motion to compel production of defendants' email and instant messages, dkt. #73, is DENIED as moot.

3. Defendants' motion to submit supplemental briefing, dkt. #83, is DENIED as moot.

Entered this 28th day of September, 2016.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge