FINKELSTEIN & KRINSK LLP
Jeffrey R. Krinsk, Esq. (*pro hac vice*)
jrk@classactionlaw.com
David J. Harris, Jr., Esq. (CA Bar #286204)
djh@classactionlaw.com
Trenton R. Kashima, Esq. (*pro hac vice*)
trk@classactionlaw.com
A. Trent Ruark, Esq. (*pro hac vice*)
atr@classactionlaw.com
550 West C Street, Suite 1760
San Diego, California 92101
Telephone: (619) 238-1333
Facsimile:  (619) 238-5425

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MEREDITH D. DAWSON,<br><br>        Plaintiff,<br><br>  v.<br><br>GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., GREAT LAKES HIGHER EDUCATION CORPORATION, JILL LEITL, DAVID LENTZ, and MICHAEL WALKER,<br><br>        Defendants. | Case No. 3:15-cv-00475-jdp<br><br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE SCHEDULING ORDER AND REQUEST FOR ORAL ARGUMENT ON PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION** |

**I.      INTRODUCTION**

This is a putative class action involving 362,305 identified class members and their federal student loan servicer. Defendants Great Lakes Educational Loan Services, Inc., Great Lakes Higher Education Corporation (collectively, "Great Lakes") and certain of their executive officers are accused of imposing wrongful student debts on class members during the Class Period of January 1, 2006 through the present.

Plaintiff initiated this action on July 31, 2015. *See generally* Class Action Complaint (Dkt. 1) ("Complaint"). On September 15, 2016, after a year of litigation, Defendants conceded that they had imposed wrongful student debts on class members totaling approximately $20 million. *See* Declaration of Jamie M. Brown, Ex. D (Dkt. 83-6) ("[W]e could be looking at interest adjustments of up to $20,170,828.28 [as of August 2016]."). Plaintiff seeks classwide relief under common law negligence theories, and threefold the class's damages under 18 U.S.C. §§ 1961, *et seq.* ("RICO").

Presently before the Court is Plaintiff's Renewed Motion for Class Certification (Dkt. 89). Trial is currently set for August 14, 2017, and dispositive motions are set for February 13, 2017. *See* Dkt. 128 (setting trial for August 14, 2017); Dkt. 38 ("Scheduling Order"). For the reasons set forth herein, these dates and others in the Court's original Scheduling Order (Dkt. 38) are no longer practicable, regardless of whether a class is certified. The Court should therefore continue trial and vacate the original Scheduling Order (Dkt. 38) while Plaintiff's Renewed Motion for Class Certification is pending. In addition, the Court should set Plaintiff's Renewed Motion for Class Certification for oral argument to help clarify and streamline the multiple layers of Rule 23 proceedings that have occurred in this case.

## II.     SUMMARY OF FACTS

Plaintiff and the putative class are all borrowers of federal student loans originated under the Federal Family Education Loan Program ("FFELP") and/or the William D. Ford Federal Direct Loan Program ("Direct").  Great Lakes is a student loan servicer hired by the United States Department of Education ("Department") and other federally-backed lenders to manage borrowers' loan accounts throughout repayment.  Great Lakes works only for the Department and other lenders, and is not in privity with Plaintiff or the class.

During the Class Period, Defendants wrongly converted accrued interest obligations on class members' student loans into principal debt in violation of federal rules.  This financial transaction is called "capitalization" or "capping."  Federal rules permit loan servicers to execute capitalization transactions, but only under limited circumstances.  *See, e.g.,* Declaration of David J. Harris, Jr. in Support of Plaintiff's [Original] Motion for Class Certification, Ex. F (Dkt. 58-6) ("Change Request 1492" or "CR 1492") at GL 0001738_0001 ("Capitalization for the following loans is only permitted as explicitly authorized below."); Declaration of Tammy Kielhofer in Support of the Defendants' Opposition to Plaintiff's [Original] Motion for Class Certification, Ex. D (Dkt. 66-4) ("Change Request 2785" or "CR 2785") at GL 0001958_0003 ("**The servicer shall capitalize federally held loans only as explicitly authorized in this requirement (and sub-requirements).**") (emphasis in original).  For at least five years during the Class Period, Great Lakes executed capitalization transactions on class members' loans in violation of federal limits.

Specifically, on November 28, 2013, Great Lakes capitalized $819.65 in accrued interest on Plaintiff's student loans in violation of 34 C.F.R. §§ 682.211(f)(11) and 685.205(b)(9), and in violation of the United States Department of Education's ("Department") personal instructions to

2

Defendants in August 2011. On August 11, 2011, the Department officially directed Defendants to stop capitalizing interest under the circumstances set forth in 34 C.F.R. §§ 682.211(f)(11) and 685.205(b)(9), but Defendants continued to capitalize interest under these exact circumstances for several more years. When Defendants finally got around to complying with the Department's specific, "no-capitalization" mandate years later, Defendants concealed their years of noncompliance from lenders and regulators, and refused to relieve class members of their wrongful debts: even after being sued in this Court. *See generally* Defendants' Answer (Dkt. 24) (alleging that 34 C.F.R. §§ 682.211(f)(11) and 685.205(b)(9) permit capitalization).

On September 15, 2016, however, Defendants finally conceded that they **had** wrongfully capitalized Plaintiff's and class members' interest obligations, and consequently, imposed wrongful debt on the class totaling roughly **$20 million**. *See generally* Defendants' Motion for Leave to File Supplemental Brief and Declaration Regarding Defendants' Opposition to Class Certification (Dkt. 83) ("Motion to Supplement"); Declaration of Jamie M. Brown (Dkt. 83-2) (admitting to Defendants' wrongful capitalization practices, and declaring that this was a "surprise" to Defendants in August 2016); Declaration of Jamie M. Brown, Ex. D (Dkt. 83-6) ("[W]e could be looking at interest adjustments of up to $20,170,828.28 [as of August 2016].").[1]

Because of Defendants' admittedly wrongful interest capitalizations against Plaintiff and the Class, the United States Department of Education and other federally-backed lenders have

---

[1] In its last written opinion in this case, on September 28, 2016, the Court seemingly missed Defendants' **$20 million capitulation** of September 15, 2016. *See generally* Opinion and Order (Dkt. 85) (not mentioning Defendants' enormous concession, which was filed with the Court thirteen days prior). The Court provided no explanation for this, but instead, summarily denied Defendants' unopposed, case-altering Motion to Supplement (Dkt. 83) as "moot." *Id.* at 2, 12. Judge Crocker, however, acknowledged Defendants' $20 million capitulation at the Court's November 23, 2016 Telephonic Hearing on a motion to compel discovery. *See* Dkt. 124 at 7 ("And frankly, if this really is a case about what, $320 million in capitalized interest and the claim is for $20 million trebled, the [Rule 26] proportionality calculation would change by several orders of magnitude.").

3

imposed wrongful, daily-growing interest charges on putative class members until and through the filing of this lawsuit. Defendants no longer deny this, as they did during the first year of this litigation. The parties, however, continue to disagree on Defendants' state of mind during the Class Period and on whether class members are entitled to relief as a matter of law.[2]

### III.   TRIAL SHOULD BE CONTINUED AND THE CURRENT SCHEDULING ORDER VACATED FOR GOOD CAUSE

Plaintiff's case was pending before United States District Judge Barbara B. Crabb from July 31, 2015 through January 5, 2017. The Court reassigned this action to United States District Judge James D. Peterson on January 6, 2017. *See* Order Reassigning Case (Dkt. 127); Text-Only Order Resetting Trial Hearings (Dkt. 128). Now before the Court is Plaintiff's Renewed Motion for Class Certification (Dkt. 89), which Plaintiff filed on October 20, 2016 pursuant to Judge Crabb's invitation. *See* Dkt. 85 at 1-2 ("I will give [Plaintiff] an opportunity to submit additional briefing in support of her motion for class certification . . . ."); *id.* at 12 (allowing Plaintiff to "file a renewed motion for class certification addressing the issues identified in this order"). In light of prior Court orders, and the recent case reassignment, Plaintiff submits that the current Scheduling Order (Dkt. 38) and August 14, 2017 trial date are no longer workable and should be vacated for good cause.

Good cause exists for several reasons. ***First***, Plaintiff previously filed two motions to compel discovery, which were and remain central to proving the merits of her claims, regardless of whether a class is certified.[3] The Court, however, previously denied both of Plaintiff's

---

[2] *See* Plaintiff's Response Stating No Opposition to Defendants' Motion to Supplement (Dkt. 84) at 1 ("Evidently, the predominant issue remaining in this case is Defendants' ***intent*** throughout the Class Period . . . .") (emphasis added).

[3] *See* Dkt. 73 (Plaintiff's Motion to Compel Production of Defendants' Emails and Instant Messages); Dkt. 105 (Plaintiff's Renewed Motion to Compel Production of Documents Concerning Defendants' Capitalization Exception Business Rules (Second Motion to Compel)).

4

motions to compel—without prejudice, and without addressing any merits—pending the Court's decision on Plaintiff's Renewed Motion for Class Certification. These procedural denials of Plaintiff's motions to compel have resulted in a *de facto*, four-month discovery stay never contemplated by the original Scheduling Order, rendering the current trial date impracticable.[4]

***Second***, Plaintiff requested crucial evidence from Defendants at the outset of discovery in November 2015. That evidence consisted of computer code from Defendants' automated student loan servicing system ("System" or "GOALS"), including the computer code that executed the relevant capitalizations on Plaintiff's loans.[5] On April 26, 2016, Plaintiff deposed Defendant Great Lakes Higher Education Corporation (or "GLHEC") pursuant to Fed. R. Civ. P. 30(b)(6) to confirm the completeness of computer code produced by Defendants. Defendants' deponent, Great Lakes' Chief Systems Development Officer, specifically confirmed that the requested computer code had already been produced by Defendants as of April 26, 2016:

    Q.    Is there one program within the system that is responsible for ensuring that some amount of interest outstanding gets capitalized at the end of each forbearance period?

    A.    That's correct. And that's what we turned over.

    Q.    So there's no program that was in effect during the 2006 to 2016 time period that was responsible for executing capitalizations at the end of forbearance periods that we—that have not been produced?

---

[4] *See* Dkt. 85 (denying Plaintiff's Motion to Compel Production of Defendants' Emails and Instant Messages as "moot"); Dkt. 123 (Text-Only Order denying Plaintiff's Second Motion to Compel without prejudice). Although Judge Crocker assured the parties that the Court would "hold a status and scheduling conference after ruling on [Plaintiff's Renewed Motion for Class Certification]," the Court did not vacate any existing deadlines. *See* Dkt. 123. The Court's dispositive motion deadline of February 13, 2017 is now imminent, and the Court recently reset this case for its original trial date of August 14, 2017, thus necessitating this motion. Dkt. 38; Dkt. 128.

[5] *See* Dkt. 107-1 at 21 (Plaintiff's Document Request No. 44, requesting: "[a]ll documents concerning the Procedures or algorithms by which the System accrues and capitalizes interest . . . . This request includes, but is not limited to, the actual computer code programmed into Your System.").

> A. Not that I'm aware of, that's correct.

*See* GLHEC Deposition (Dkt. 50) at 162:11-22.

But in fact, the exact computer programs identified by Defendants' deponent were not produced until October 14, 2016: nearly a year after Plaintiff requested them, met and conferred about them, and took a specific deposition about them.[6] This year-long delay and misrepresentation in Defendants' production activities has set Plaintiff and her experts back by months in analyzing the key loan servicing programs at issue.

***Third***, in the middle of this litigation, Defendants unilaterally altered hundreds of thousands of class members' personal loan histories and transaction data, and (purportedly) provided millions of dollars in cash and loan account credits to Plaintiff and other class members. *See, e.g.,* Dkt. 66 at ¶¶33-38 (declaring to the Court, without documentary evidence, that complete relief had already been provided to the entire class as of July 15, 2015).[7] Defendants did all of this without any supervision or input from Plaintiff or the Court: all as part of a misguided effort to eliminate class members' Article III controversy.[8] Defendants did not

---

[6] Declaration of David J. Harris, Jr. in Support of Plaintiff's Motion to Vacate Scheduling Order and Request for Oral Argument on Plaintiff's Renewed Motion for Class Certification at ¶¶2-4, Ex. A, Ex. B and Ex. C.

[7] This was simply false, as Defendants themselves would admit to the Court just two months later. *See generally* Motion to Supplement (Dkt. 83) and all supporting papers.

[8] *See, e.g.,* Defendants Brief in Opposition to Plaintiff's [Original] Motion for Class Certification (Dkt. 65) at 33 ("The plaintiff . . . has suffered no injury, depriving her of Article III standing to assert the claims of the proposed class . . . . ***Indeed, Great Lakes has already . . . fully corrected the accounts and otherwise remedied any harm to all affected borrowers, including the plaintiff.*** [citing Dkt. 66 at ¶38] The plaintiff, therefore, lacks standing to assert her own claim . . . ."). Of course, just two months later, Defendants conceded another $20 million in class member damages in response to Plaintiff's [Original] Class Certification Reply Brief. *Please see* Reply Brief in Support of Plaintiff's [Original] Motion for Class Certification (Dkt. 70) at 21-28 (Part V, titled, **"THE COURT CAN SEE FOR ITSELF WHO IS 'FUNDAMENTALLY ALTERING' THEIR FRAUD THEORY"**); *then see* Defendants' Motion to Supplement (Dkt. 83) and all supporting papers.

produce and have not produced any of the loan transactions or records that they purportedly altered (other than Plaintiff's), leaving Plaintiff to speculate as to the actual results of Defendants' enormous, evidence-altering project in the middle of this case. Defendants' post-lawsuit alteration of hundreds of thousands of loan records has substantially delayed and increased the complexity of Plaintiff's discovery efforts in a manner never contemplated by the original Scheduling Order.

*Fourth*, the Scheduling Order never anticipated the two full rounds of class certification briefing that have now occurred in this case. *See generally* Dkt. 38. Plaintiff's Renewed Motion for Class Certification briefing consumed several weeks of aggregate attorney time and has now delayed the Court's adjudication of Rule 23 issues by several months. The proper scope and content of any dispositive motions will necessarily depend on whether the Court grants or denies Plaintiff's Renewed Motion for Class Certification.

For all of these reasons, the Court's dispositive motion deadline of February 13, 2017, trial date of August 14, 2017, and other remaining deadlines in the Scheduling Order are now impracticable regardless of whether a class is certified. Good cause therefore exists for the Court to vacate the original Scheduling Order (Dkt. 38) while Plaintiff's Renewed Motion for Class Certification is pending.

## IV.   ORAL ARGUMENT WOULD SUBSTANTIALLY AID THE COURT IN DECIDING PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

While Plaintiff previously requested oral argument on her Renewed Motion for Class Certification, she did so only to the extent that Judge Crabb deemed it necessary after presiding for nearly a year and a half. *See* Dkt. 119 at 33 ("If the Court continues to have concerns about certifying the Renewed Class, Plaintiff and her counsel would respectfully request the opportunity to address the Court's concerns at oral argument."). In the wake of the Court's

recent case reassignment, oral argument on Plaintiff's Renewed Motion for Class Certification has become a practical necessity. This is primarily because the parties' class certification arguments and evidence are complex and disjointed due to multiple rounds of briefing.

On June 17, 2016, Plaintiff timely filed her original Motion for Class Certification, which was fully briefed by the parties by July 29, 2017. On September 15, 2016, Defendants filed a Motion for Leave to file a Supplemental Brief and Declaration Regarding Defendants' Opposition to Class Certification (Dkt. 83) ("Motion to Supplement"), which substantially altered Defendants' position on the capitalization rules in question. On September 23, 2016, Plaintiff filed a one-page Response Stating No Opposition to Defendants' Motion to Supplement (Dkt. 84). All of these papers remain necessary for the Court to understand and decide Plaintiff's Renewed Motion for Class Certification. *See* Memorandum of Law in Support of Plaintiff's Renewed Motion for Class Certification (Dkt. 90) at 35, n.27 (incorporating by reference ***all*** prior class certification papers).

On September 28, 2016, the Court denied Plaintiff's original Motion for Class Certification ("First Class Certification Order") (Dkt. 85). The First Class Certification Order did not make any Rule 23 determinations outside of rejecting Plaintiff's original class definition. The Court did not decide numerosity, commonality, typicality or adequacy under Rule 23(a), nor did it decide predominance or superiority issues under Rule 23(b)(3). *See generally* Dkt. 85.

Instead of deciding those issues, the Court raised three other issues for Plaintiff to correct, clarify and argue (respectively) in her Renewed Motion for Class Certification: (1) correct Plaintiff's class definition; (2) clarify her regulatory/capitalization theory; and (3) address her constitutional and statutory standing. *See generally* Dkt. 85. While the parties exhaustively addressed these discrete issues in their Renewed Class Certification briefing and their subsequent

8

Notices of Supplemental Authority[9], the parties did not thoroughly re-litigate Rule 23 issues that they had previously addressed (or conceded) during the first round of class certification briefing. The end result of all of this—one full round of class certification briefing, one pivotal Motion to Supplement, a second round of *targeted* class certification briefing, and two notices of supplemental authority—is that the totality of evidence and argument that the Court will need to decide Plaintiff's Renewed Motion for Class Certification is dispersed across numerous docket documents. Given that Judge Crabb herself expressed confusion about several foundational issues, even after presiding for more than a year, Plaintiff submits that the Court would benefit from hearing from counsel orally on Plaintiff's Renewed Motion for Class Certification. Oral argument would substantially aid the Court in streamlining the relevant issues and clearing up any remaining confusion regarding class certification.

## V.     CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court continue the current trial date of August 14, 2017 and vacate the Scheduling Order (Dkt. 38) in this case while Plaintiff's Renewed Motion for Class Certification remains pending. In addition, Plaintiff respectfully requests that the Court set Plaintiff's Renewed Motion for Class Certification for oral argument to clarify the complex history of this case, and properly delineate the disputed and undisputed issues to be decided on Plaintiff's Renewed Motion for Class Certification.

---

[9] *See* Dkt. 125 (Plaintiff's Notice of Supplemental Authority); Dkt. 126 (Defendants' Notice of Supplemental Authority).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | FINKELSTEIN & KRINSK LLP |
| Dated: February 2, 2017 | By:   s/ David J. Harris, Jr.<br>David J. Harris, Jr., Esq. |

Jeffrey R. Krinsk, Esq.
Trenton R. Kashima, Esq.
A. Trent Ruark, Esq.
550 West C Street, Suite 1760
San Diego, California 92101-3579
Telephone: (619) 238-1333
Facsimile:  (619) 238-5425

*Counsel for Plaintiff*