IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MEREDITH D. DAWSON,

                Plaintiff,

  v.

GREAT LAKES EDUCATIONAL LOAN SERVICES,
INC., GREAT LAKES HIGHER EDUCATION
CORPORATION, JILL LEITL, DAVID LENTZ, and
MICHAEL WALKER,

                Defendants.

ORDER

15-cv-475-jdp

---

The court is considering plaintiff's renewed motion for class certification and expects to issue a decision shortly. Meanwhile, defendants have filed a motion for sanctions regarding ex parte communication between plaintiff's counsel, David Harris, and a Great Lakes employee, Tonya O'Daniel. Dkt. 135.

The parties apparently agree that O'Daniel is a current Great Lakes employee who falls within the scope of Wis. SCR 20:4.2. She is not a higher-level employee who is in regular contact with Great Lakes' counsel, nor is she able to bind the company. But she is an employee whose acts in connection with this suit might be imputed to the company. Comment 7. Harris explains that he thought O'Daniel was a *former* employee, based on his review of her Facebook page, which would put her outside the scope of the rule. To establish a violation of this rule, Great Lakes would have to show that Harris had actual knowledge of O'Daniel's represented status. Comment 8. Harris's declaration, Dkt. 140, offers a reasonable explanation of how he reached the conclusion that she was a former employee. In light of Harris's credible explanation, I find no violation of the rule.

Harris should have been more careful, because the Facebook information was not unequivocal. But no harm befell Great Lakes, because O'Daniel did not respond to Harris's interview request. The whole matter could have been resolved informally between counsel, without the need for court involvement. And even after the motion for sanctions got filed, it seemed that the matter was headed for informal resolution based on the email exchange between counsel attached to Dkt. 140. But it looks to the court like Great Lakes overplayed its hand and tried to extract a stipulation from Harris that would have given Great Lakes more than it was entitled to.

Neither side looks great here. Harris seems a bit sloppy with the rule, and counsel for Great Lakes seems petty for trying to leverage what was at most a minor infraction to its strategic advantage. And Great Lakes' own conduct was not beyond reproach: it forwarded a routine call from plaintiff to its in-house counsel.

Harris has pledged that before contacting any fact witness, he will confirm that witness's status with Great Lakes. Dkt. 140, ¶¶ 10-12. Great Lakes could have achieved this agreement without this motion, which is denied. Both sides will pay their own way.

IT IS ORDERED that Defendants' motion for sanctions, Dkt. 135, is DENIED without fees or costs to any party.

Entered April 19, 2017.

BY THE COURT:
/s/
_____
JAMES D. PETERSON
District Judge