IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MEREDITH D. DAWSON,

                Plaintiff,

  v.

GREAT LAKES EDUCATIONAL LOAN SERVICES,
INC., GREAT LAKES HIGHER EDUCATION
CORPORATION, JILL LEITL, DAVID LENTZ, and
MICHAEL WALKER,

                Defendant.

ORDER

15-cv-475-jdp

---

Before the court are plaintiff's renewed motion for class certification, Dkt. 89, and plaintiff's motion to vacate the schedule and request for oral argument, Dkt. 128.

Despite two rounds of briefing on class certification, certain issues remain unclear to the court. The court will set a hearing to address these issues. The court will also grant the motion to vacate the schedule because it appears the current schedule is no longer practicable. The court will set a scheduling conference after it rules on class certification.

The court provides here a brief preview of the court's thinking to help the parties prepare for the hearing. The court is inclined to find that Dawson has suffered a tangible financial injury. Her loan accumulates interest on an amount added to her principal as a result of Great Lake's allegedly wrongful decision to capitalize interest at the conclusion of her B-9 forbearance period. Even though she has not yet gone "out-of-pocket" by paying more than she legitimately owes, she's stuck with the inflated principal balance.

But the court is still struggling to understand who is in the proposed class (and thus whether resolution of the class members' injuries by means of this case is appropriate). It appears that some members, like Dawson, had their interest improperly capitalized at the

conclusion of a free-standing B-9 forbearance. But some others had interest capitalized at the end of a B-9 forbearance because they had "back-to-back" forbearances, or a deferment immediately preceding the B-9 forbearance period, which means that those members had interest capitalized because of another event that warranted capitalization. The matter is further complicated because it seems that Great Lakes may not have been consistent in interest capitalization, and the Department of Education may not have been consistent in its instructions about capitalization to Great Lakes.

The hearing will begin at 9 a.m. and end no later than 12:30 p.m.

ORDER

IT IS ORDERED that:

1. Plaintiff Meredith D. Dawson's motion to vacate the schedule and request for oral argument, Dkt. 128, is GRANTED.

2. The trial date and all other deadlines set by the Pretrial Conference Order (Dkt. 38) are hereby vacated. The court will set a new schedule after it decides the issue of class certification.

3. A hearing for oral argument on plaintiff's renewed motion for class certification, Dkt. 89, is set for Friday, May 12, 2017, beginning at 9 a.m.

Entered April 21, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge