FINKELSTEIN & KRINSK LLP
Jeffrey R. Krinsk, Esq. (*pro hac vice*)
jrk@classactionlaw.com
David J. Harris, Jr., Esq. (CA Bar #286204)
djh@classactionlaw.com
Trenton R. Kashima, Esq. (*pro hac vice*)
trk@classactionlaw.com
550 West C Street, Suite 1760
San Diego, California 92101
Telephone: (619) 238-1333
Facsimile:  (619) 238-5425

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| MEREDITH D. DAWSON,<br><br>                        Plaintiff,<br><br>        v.<br><br>GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., GREAT LAKES HIGHER EDUCATION CORPORATION, JILL LEITL, DAVID LENTZ, and MICHAEL WALKER,<br><br>                        Defendants. | Case No. 3:15-cv-00475-jdp<br><br>**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL "PAID-IN-FULL" CLASS MEMBERS' CONTACT INFORMATION** |

I.  **INTRODUCTION**

Pursuant to Fed. R. Civ. P. 23(d), Plaintiff Meredith D. Dawson moves the Court for an order compelling Defendants to produce the names and contact information for a small, but important subset of putative class members.

This putative class action alleges that a student loan servicer, Defendant Great Lakes Educational Loan Services, Inc., its former parent company, and certain of its executive officers (collectively, "Great Lakes" or "Defendants") wrongfully capitalized the interest balances on borrowers' student loans in violation of federal law, as well as borrowers' loan contracts with student lenders.  A "capitalization" transaction occurs when a borrower's accrued interest obligations are converted into principal obligations, causing interest charges on the loan and the overall loan balance to grow more rapidly over time.

Named Plaintiff Meredith Dawson is a repaying borrower of student loans serviced by Great Lakes and originated under the Federal Family Education Loan Program ("FFEL" or "FFELP") and the William D. Ford Federal Direct Loan Program ("Direct" or "DLP").  Plaintiff alleges that in late 2013, Great Lakes wrongfully capitalized her interest obligations at the end of an administrative forbearance period which Great Lakes applied to her loans.  *See generally* Class Action Complaint (Dkt. 1) (filed July 31, 2015).  Specifically, she alleges that these capitalization transactions violated two federal regulations governing FFELP and Direct student loans: 34 C.F.R. § 682.211(f)(11) and 34 C.F.R. § 685.205(b)(9).  *Id.*  Plaintiff further alleges — and the Defendants have conceded — that they systematically executed the same types of improper capitalizations against hundreds of thousands of similarly situated borrowers.  As a result of these capitalizations, Plaintiff and the putative class collectively suffered up to

1

$20,170,828.28 in financial damages as of August 25, 2016.  *See, e.g.,* Dkt. 83-6 (Defendants' preliminary estimate of a portion of the class-wide damages in this case).[1]

The hundreds of thousands of putative class members in this case consist predominantly of "inflated debt" members like the named Plaintiff: in other words, borrowers who suffered financial damage in the form of inflated loan obligations to their lenders.  A much smaller minority of putative class members consists of those who suffered ***"out-of-pocket"*** injuries by paying off wrongfully inflated debts to their lenders.  This small subset of "paid-in-full" class members appears to number between 100 and 200 people — whose identities are known only by the Defendants — out of hundreds of thousands of putative class members.  *See, e.g.,* Defendants' Response to Plaintiff's Motion for Pretrial Conference and for Corrective Notice (Dkt. 164), at 4 (acknowledging 112 paid-in-full class members as of July 2016).[2]  It is only this small subset of "paid-in-full" putative class members, less than 0.1% of the putative class, for which Plaintiff appropriately seeks names and contact information.

## II.   ARGUMENT

"The general rule is that the names and contact information of potential class members are not discoverable before certification."  *Groshek v. Great Lakes Higher Education Corp.*, 15-cv-143-jdp, 2015 WL 7294548, at *4 (W.D. Wis. Nov. 16, 2015).  "However, [a plaintiff] may

---

[1] Plaintiff estimates that the class-wide financial damages have now exceeded ***$30 million***, as unlawful interest charges only continued to accrue daily against Plaintiff and putative class members after August 2016.

[2] This number has likely grown, albeit modestly, over the last two years as a relatively small number of additional borrowers may have been able to pay off their ever-exploding student debt balances.  *But see, e.g.,* https://www.cnbc.com/2018/05/05/for-some-student-loan-debt-is-doubling-tripling-and-even-quadrupling.html (last visited Jul. 3, 2018) ("Outstanding student loan debt in the U.S. has tripled over the last decade [alone], surpassing auto and credit card debt and only second to housing debt, and now stands at almost ***$1.5 trillion***.  That's in part because many people are seeing their individual balances spiral out of control.") (emphasis added).

be entitled to this information if the names or contact information ha[ve] 'any bearing on issues in the case.'" *Id.* (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352-54 & n.20 (1978)). In addition, as Judge Conley has held, "[t]here may be instances where this information could be relevant to issues that arise under Rule 23 . . . , or where a party has reason to believe that communications with some members of the class could yield information bearing on these issues or other issues." *Johnson v. Bankers Life and Casualty Co.*, No. 13-cv-144-wmc, 2013 WL 5442374, at *1 (W.D. Wis. Sept. 30, 2013) (internal quotations omitted). The production of putative class members' names and contact information "falls within Rule 23(d) [not Rule 26], vesting the district court with the authority to order one of the parties to perform the tasks necessary to send notice." *Id.* (internal quotations omitted).

Here, Plaintiff's Motion to Compel Production of Paid-In-Full Class Members' Contact Information, filed in conjunction with Plaintiff's Motion for Pretrial Conference and for Corrective Notice (Dkt. 161, Dkt. 162 and Dkt. 166), is necessary for three independent reasons. ***First***, the Defendants argue (erroneously) that Plaintiff is not and was not compensably injured by having her yet-to-be-repaid student debts wrongfully inflated over the course of several years. Based on that false premise, Defendants argue (twice as erroneously) that the named Plaintiff is inadequate to represent other putative class members because she is merely an "inflated debt" member — like over 99.9% of the class — and not a "paid-in-full" class member like less than 0.1% of the class.

There is no dispute here, however, that over 100 ***paid-in-full*** class members actually exist, that they have been compensably injured as a matter of law, and that they are sufficiently "numerous" as a class under Fed. R. Civ. P. 23(a)(1). Respectfully, Plaintiff thus submits that if the Court finds her inadequate to represent the class (whether at this stage, or after summary

judgment), then paid-in-full class members should and can easily be notified of this action and have the opportunity to serve as undeniably *adequate* class representatives. *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 728 (7th Cir. 2011) ("Should the court decide that CE is not a proper class representative, that would not conclude the question whether the suit should be allowed to proceed as a class action. CE's law firm might be able to find a class member who would substitute for CE — a member less vulnerable to the defense . . . ."); *see also Johnson*, 2013 WL 5442374 at *1 & n.1 (courts routinely deny "the production or disclosure of entire customer contact lists," but production "of a subset of customer contact information to aid in [a plaintiff's] motion for class certification" was just and proper).

*Second*, this case presents an extraordinary situation, which necessitates the Defendants' production of paid-in-full class members' names and contact information. Unlike in most putative class actions, the Defendants here have repeatedly undertaken to compensate and communicate with putative class members behind closed doors, in an effort to extinguish their claims by deceptive means.[3] Defendants are sending paid-in-full class members relief checks and misleading "explanations" for those relief checks, while admittedly *not* providing them with notice of this action or the *additional* relief being sought on their behalf. *See, e.g.,* Dkt. 166 at 9-12. In addition, Great Lakes has now set up separate phone lines in its call centers, just to field questions from class members who call and ask about their relief payments. *Id.* Great Lakes then provides curious class members with scripted, deceptive responses designed to prevent those who ask questions from learning about the existence of this case and the additional relief

---

[3] *See generally* Plaintiff's Brief in Support of Motion for Pretrial Conference Pursuant to Fed. R. Civ. P. 16 and for Corrective Notice Pursuant to Fed. R. Civ. P. 23 (Dkt. 162); Reply Brief in Further Support of Plaintiff's Motion for Pretrial Conference and for Corrective Notice (Dkt. 166), at 6-12.

4

being sought on their behalf. *Id.* As Plaintiff argues thoroughly in Dkt. 162 and Dkt. 166, Defendants' affirmative and misleading attempt to extinguish putative class members' claims, without fair notice, undermine constitutional due process as well as settled Rule 23 principles.

Indeed, federal courts have consistently regulated and curbed such misleading attempts to eliminate putative class members' rights of action without fair notice. *See, e.g., County of Santa Clara v. Astra USA, Inc.*, 2010 WL 2724512, at *6 (N.D. Cal. Jul. 8, 2010) ("[T]his tactic cannot be allowed under Rule 23, for to rule otherwise would allow defendants to shift control of one proceeding from the district judge to defense counsel."); *In re Oil Spill by the Oil Rig 'Deepwater Horizon'*, No. 10-md-02179, 2011 WL 323866, at *2. (E.D. La. Feb. 2, 2011) (holding that a court's duty to oversee communications with potential class members exists even before a class is certified); *Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.*, 238 F. Supp. 2d 151, 156-57 (D.D.C. 2002) (courts have authority to regulate communications to putative class members that are "incomplete, inaccurate, purposely misleading or coercive"); *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1201–03 (11th Cir. 1985) ("Unsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal."); *In re Sch. Asbestos Litig.*, 842 F.2d 671, 683 (3d Cir. 1988); ("A district court's duty and authority under Rule 23(d) to protect the integrity of the class and the administration of justice generally is not limited only to those communications that mislead or otherwise threaten to create confusion."); *Ralph Oldsmobile, Inc. v. General Motors Corp.*, No. 99 Civ. 4567(AGS), 2001 WL 1035132 (S.D.N.Y. Sept. 7, 2001) (ordering "corrective notice" where a defendant's compensation and communications to putative class members risked "potentially unknowing waivers of the rights asserted in this action").

As Plaintiff maintains in Dkt. 162 and Dkt. 166, the best remedy for Defendants' untoward tactics here is for corrective notice to be sent to paid-in-full class members — if not all class members — under Rule 23(d). Corrective notice will afford paid-in-full class members fair notice of their rights to seek further relief, including treble damages, before their claims are improperly extinguished on false and misleading pretenses. Obtaining paid-in-full class members' names and contact information is necessary for Plaintiff to effect corrective notice insofar as corrective notice is permitted by the Court. *See Johnson*, 2013 WL 5442374, at *1 (ordering production of putative class members' contact information, and holding that Rule 23(d) vests district courts with the power to "order one of the parties to perform the tasks necessary to send notice") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354-55 (1978)).

*Third*, paid-in-full class members are now percipient fact witnesses, due to the Defendants' affirmative actions in this litigation. Having received checks and related communications from Great Lakes in connection with the Defendants' defense of this action, paid-in-full class members are witnesses not only to the relief Great Lakes has provided them (if any), but also to any undisclosed, deceptive "explanations" and communications that Great Lakes made to them in connection with this case. *See, e.g.,* Dkt. 166 at 9-12.

For instance, in Dkt. 66, the Defendants declared to the Court that they mailed personal checks worth over $3,000 to 112 paid-in-full class members: checks Defendants said were calculated to constitute 100% of their actual damages in this action. The Plaintiff is entitled to test whether this declaration to the Court was truthful when made, by interviewing the most competent and credible witnesses to those declared facts: check recipients themselves.

Did the Defendants, in fact, compensate putative class members as declared to the Court? Did they compensate putative class members *in full*, as declared to the Court? Did the

6

Defendants knowingly misrepresent material facts to putative class members in the process of communicating with them? Defendants cannot now withhold from discovery those percipient fact witnesses who Defendants alone chose to make into witnesses by compensating and communicating with them about their damages and relief in this litigation.

For all three of the above reasons, the Court should order Defendants to produce names and contact information for the 100 to 200 paid-in-full class members who they have identified, compensated, and affirmatively misled in connection with this litigation.

## III. CONCLUSION

For all of the foregoing reasons, Plaintiff hereby respectfully requests that the Court grant her Motion to Compel Production of Paid-In-Full Class Members' Contact Information.

Respectfully submitted,

FINKELSTEIN & KRINSK LLP

Dated: July 3, 2018

By:   s/ David J. Harris, Jr.
     David J. Harris, Jr., Esq.

Jeffrey R. Krinsk, Esq.
Trenton R. Kashima, Esq.
550 West C Street, Suite 1760
San Diego, California 92101-3579
Telephone: (619) 238-1333
Facsimile: (619) 238-5425

*Counsel for Plaintiff and the Putative Class*