IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MEREDITH D. DAWSON,

           Plaintiff,

  v.

GREAT LAKES EDUCATIONAL LOAN SERVICES,
INC., GREAT LAKES HIGHER EDUCATION
CORPORATION, JILL LEITL, DAVID LENTZ, and
MICHAEL WALKER,

           Defendants.

ORDER

15-cv-475-jdp

---

Two matters are before the court: (1) the parties' proposed notices to the class; and (2) Dawson's motion to compel discovery. The court will address each matter in turn.

In the order granting Dawson's motion for class certification, the court directed Dawson to file a proposed notice to the class that complied with the requirement in Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure to provide "the best notice that is practicable under the circumstances." More specifically, Rule 23 requires class notices to include the following information:

    (1) the nature of the action;

    (2) the class definition;

    (3) the class claims, issues or defenses;

    (4) that a class member may enter an appearance through an attorney should he or she desire;

    (5) that the court will exclude any class member requesting exclusion;

    (6) the time and manner for requesting exclusion; and

> (7) the binding effect of a class judgment on class members, regardless of whether a member may have a stronger individual claim of liability not dependent on proof of an unofficial policy to deny overtime pay.

The notice must be "clear[]," "concise[]," and use "plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B).

As permitted by the court, both sides submitted proposed notices. Although both sides included the information required by Rule 23, the notice submitted by Great Lakes hewed closely to the illustrative forms provided by the Federal Judicial Center and used plain language that would be easier for a nonlawyer to understand. Because that is one of the primary goals of the class notice, the court is inclined to adopt that notice.

The court will give Dawson a choice: (1) adopt Great Lakes's notice as-is and disseminate the notice; or (2) submit to the court a modified version of the notice that adds any information that she believes is necessary and deletes any information that she believes is incorrect or misleading. To facilitate the process, the court asks Great Lakes to provide Dawson an electronic copy of the notice that she can edit. Great Lakes's proposed notice implies that Dawson will create a website that provides additional information, but the court will leave it to her discretion to create such a website. If Dawson chooses to adopt Great Lakes's notice without requesting any changes, she should provide class members 45 days from the date notice is sent to opt out of the class.

As for Dawson's motion to compel discovery, it appears to be moot in light of the court's order granting class certification. In her motion, Dawson sought to require Great Lakes to provide contact information for a subset of class members. Dkt. 167. Great Lakes's objection to the motion was that Dawson's motion for class certification was still pending. Dkt. 169.

Now that the court has certified the class, Great Lakes presumably has no objection to providing Dawson contact information for all the class members.

The court will deny the motion to compel as moot. If Dawson encounters new difficulties in obtaining information about the class members, she may renew her motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Meredith Dawson's motion to compel discovery, Dkt. 167, is DENIED as moot.

2. Dawson may have until September 28, 2018 to either: (1) inform the court that she is adopting Great Lakes's proposed class notice; or (2) submit an amended version of that notice with any additions or deletions that she believes are necessary.

Entered September 21, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge