UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN

# If your student loans are serviced by Great Lakes, a class action lawsuit might affect your rights.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A student loan borrower has sued Great Lakes Educational Loan Services, Inc., Great Lakes Higher Education Corporation, and three of Great Lakes' current and former executive officers (together, "Great Lakes"). The suit alleges that Great Lakes unlawfully increased the principal and interest balances on borrowers' student loans after an administrative forbearance period.

- The Court has not yet decided whether Great Lakes did anything wrong. However, Great Lakes has declared to the Court that Great Lakes is providing money and loan balance reductions (or "account credits") to borrowers whose loan balances may have been wrongly increased. As of today, the Court has not confirmed the truth or accuracy of Great Lakes' statements, or whether any compensation being provided has been properly calculated.

- Your legal rights may be affected by this lawsuit, and you now have a choice to make:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Give up certain rights.** By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement. But, you give up any rights to sue Great Lakes separately about the same legal claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit. Get no benefits from it. Keep rights.** If you ask to be excluded and money or benefits are later awarded, you won't share in those. But, you keep any rights to sue Great Lakes separately about the same legal claims in this lawsuit. |

- Your options are explained in this notice. To ask to be excluded, you must act before **[a date 45 days from the transmission of this notice]**.

- **Any questions? Read the remaining pages of this document.** You may also speak to one of the lawyers by calling (619) 238-1333, or by writing to: David J. Harris, Jr., Finkelstein & Krinsk LLP, 550 West C Street, Suite 1760, San Diego, California 92101. Visit the case website, **[insert web domain]**, where you will find the Court's **[insert link to order certifying the class]**, the **[insert link to complaint]** that the Plaintiff filed with the Court, the Defendants' **[link to answer]**, as well as an **[link to Exclusion Request]** form.

QUESTIONS? VISIT WWW **[INSERT WEB DOMAIN]**

- 2 -

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ..................................................................................................PAGE 3
    1.  Why did I get this notice?
    2.  What is this lawsuit about?
    3.  What is a class action and who is involved?
    4.  Why is this lawsuit a class action?

**THE CLAIMS IN THE LAWSUIT** …………………… …………………………….PAGE 4
    5.  What does the lawsuit complain about?
    6.  How does Great Lakes answer?
    7.  Has the Court decided who is right?
    8.  What is the Plaintiff asking for?
    9.  Is there any money available now?

**WHO IS IN THE CLASS** ........................................................................... ..   PAGE 5
    10.  Am I part of this Class?
    11.  What are the three "subclasses"?
    12.  I'm still not sure if I am included.

**YOUR RIGHTS AND OPTIONS** ...................................................................................PAGE 6
    13.  What happens if I do nothing at all?
    14.  Why would I ask to be excluded?
    15.  How do I ask the Court to exclude me from the Class?

**THE LAWYERS REPRESENTING YOU** ............................................. ..   PAGE 7
    16.  Do I have a lawyer in this case?
    17.  Should I get my own lawyer?
    18.  How will the lawyers be paid?

**THE TRIAL** ...................................................................................................PAGE 7
    19.  How and when will the Court decide who is right?
    20.  Do I have to come to the trial?
    21.  Will I get money after the trial?

# BASIC INFORMATION

**1. Why did I get this notice?**

Great Lakes' records show that your account was subject to a "stand-alone" administrative forbearance. This notice explains that the Court has allowed, or "certified," a class action lawsuit that might affect you. You have legal rights and options that you may exercise before the Court holds a trial. The trial is to decide whether the claims being made against Great Lakes, on your behalf, are correct. Judge James D. Peterson of the United States District Court for the Western District of Wisconsin is overseeing this class action. The lawsuit is known as *Dawson v. Great Lakes Educational Loan Services, Inc., et al.*, Civil Action No. 15 CV 475.

**2. What is this lawsuit about?**

This lawsuit is about whether Great Lakes, a servicer of federal student loans for the U.S. Dept. of Education and hundreds of other lenders, wrongfully "capitalized" accrued interest on student loan accounts in violation of federal regulations. A "capitalization" transaction occurs when a loan servicer converts a borrower's interest obligations into principal obligations, causing interest charges on the loan to accrue more rapidly over time, and causing the total loan balance to grow more rapidly over time.

**3. What is a class action and who is involved?**

In a class action lawsuit, a person called a "Class Representative" (in this case Meredith D. Dawson) sues on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." Ms. Dawson and all the Class Members like her are called the Plaintiffs. The companies and individuals she sued are called the Defendants. In a class action, one court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class.

**4. Why is this lawsuit a class action?**

The Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- There are numerous borrowers who had their loans serviced by Great Lakes and had accrued interest "capitalized" after an administrative forbearance;
- There are legal questions and facts that are common to each borrower;
- Ms. Dawson's claims are typical of the claims of the rest of the Class;
- Ms. Dawson and the lawyers representing the Class will fairly and adequately represent the Class' interests;
- The common legal questions and facts are more important than questions that affect only individual borrowers; and
- This class action will be more efficient than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is in the **[insert link to Court's order]**, which is available at **[insert web domain]**.

## THE CLAIMS IN THE LAWSUIT

### 5. What does the lawsuit complain about?

In the lawsuit, the Plaintiff has sued (1) Great Lakes Educational Loan Services, Inc.; (2) its former parent company, Great Lakes Higher Education Corporation; (3) Jill Leitl, Great Lakes' current Chief Operating Officer and former Chief Servicing Officer; (4) David Lentz, Great Lakes' former Chief Technology Officer; and (5) Michael Walker, Great Lakes' former Chief Information Officer. (Collectively we refer to all of these Defendants as "Great Lakes.")

The Plaintiff says that Great Lakes wrongfully capitalized interest obligations on Plaintiff's and other Class members' student loan accounts in connection with certain administrative forbearance periods that Great Lakes applied to their loans. Plaintiff alleges that these improper interest capitalizations caused Class members' loan balances to grow at unlawfully high rates over time. You can read Plaintiff's **[insert link to complaint]** at **[insert link to web domain].**

### 6. How does Great Lakes answer?

Great Lakes denies that it knowingly or negligently permitted Plaintiff's or other Class members' loan balances to become wrongfully increased as a result of the alleged interest capitalizations. Defendants maintain that, at all relevant times, they followed the U.S. Department of Education's rules and regulations regarding interest capitalization for FFELP and Direct student loans. Great Lakes further contends that Plaintiff and other members of the Class did not suffer compensable financial injuries to the extent that they have not paid back more than they rightfully owed on their student loans. Great Lakes' **[insert link to answer]** is also available at **[insert link to web domain]**.

### 7. Has the Court decided who is right?

The Court hasn't decided whether Great Lakes or Plaintiff is correct. By certifying the Class and issuing this Notice, the Court is not saying who will win or lose the case. Plaintiff must prove her claims at a trial to be scheduled by the Court. (See "The Trial" on page 7.)

### 8. What is the Plaintiff asking for?

The Plaintiff is seeking to recover from Great Lakes three times the Class members' actual financial damages, plus interest, the costs of the lawsuit, attorneys' fees, and a Court order prohibiting Great Lakes from imposing or collecting unlawful interest charges against borrowers. The Complaint asserts claims for negligence, negligent misrepresentation, and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-64.

### 9. Is there any money available now?

Great Lakes has represented to the Court that Great Lakes is providing money or loan account credits to borrowers whose loan balances may have been wrongly increased. But the Court has not yet evaluated the truth or accuracy of Great Lakes' statements, or determined whether affected borrowers are entitled to any compensation. If financial compensation or benefits are obtained, then you will be notified about how you can obtain them.

## WHO IS IN THE CLASS

**10. Am I part of this Class?**

Judge Peterson decided that the potentially affected borrowers who are part of the Class in this case are as follows:

**All persons, who, between January 1, 2006 and the present:**

(i) were borrowers of a student loan issued under the Federal Family Education Loan Program ("FFEL" or "FFELP"), or a student loan issued under the Federal Direct Loan Program ("Direct" or "DLP");

(ii) had their FFELP or Direct student loan(s) serviced by Great Lakes;

(iii) had Great Lakes place their FFELP or Direct student loan(s) in an administrative-forbearance status for a period of up to 60 days (that was not immediately preceded by another forbearance, deferment, or grace period), while Great Lakes processed their request for a deferment, forbearance, loan consolidation, or change in repayment plan; **and**

(iv) had any accrued interest obligations capitalized at the end of such an administrative forbearance

Within the above-defined Class, the Court has also certified three subgroups, or "subclasses," of Class members.

**11. What are the three "subclasses"?**

The Court identified three "subclasses" of the Class as follows:
- Subclass 1—consists of Class members who were subjected to the capitalization of interest that accrued during the relevant administrative-forbearance period(s).
- Subclass 2—consists of Class members who were subjected to the capitalization of interest that accrued before the relevant administrative-forbearance period(s).
- Subclass 3—consists of Class members who were subjected to the capitalization of interest that resulted from two programming errors in Great Lakes' automated student-loan servicing system.

**12. I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get free help at **[insert link to web domain]**, or by calling or writing to the lawyers in this case, at the phone number or address listed on the first page of this notice.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class or ask to be excluded before the trial, and you have to decide this now.

### 14. What happens if I do nothing at all?

You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit. By doing nothing you are staying in the Class. If you stay in and the Plaintiff obtains money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). Keep in mind that if you do nothing now, regardless of whether the Plaintiff wins or loses the trial, you will not be able to sue, or continue to sue, Great Lakes—as part of any other lawsuit—about the same legal claims that are the subject of this lawsuit. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

### 15. Why would I ask to be excluded?

If you already have your own lawsuit against Great Lakes and want to continue with it, you need to ask to be excluded from the Class. If you exclude yourself from the Class, you might not obtain money or benefits from this lawsuit even if the Plaintiff obtains them as a result of the trial or any settlement (that may or may not be reached) between Great Lakes and the Plaintiff. However, you may then be able to sue or continue to sue Great Lakes for your own claims concerning the "capitalization" of interest in connection with an administrative forbearance. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

If you start your own lawsuit against Great Lakes after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against Great Lakes, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

### 16. How do I ask the Court to exclude me from the Class?

To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *Dawson v. Great Lakes*. Be sure to include your name and address, and sign the letter. You must mail your Exclusion Request postmarked by **[a date 45 days after transmission of this notice],** to: David J. Harris, Jr., Finkelstein & Krinsk LLP, 550 West C Street, Suite 1760, San Diego, California 92101. You may also get an Exclusion Request **[insert link]** form at the website, **[insert web domain]**.

## THE LAWYERS REPRESENTING YOU

### 17. Do I have a lawyer in this case?

The Court decided that the law firm of Finkelstein & Krinsk LLP, of San Diego, California is qualified to represent you and all Class Members. The law firm is called "Class Counsel." Its lawyers are experienced in handling class action cases against other defendants. More information about this law firm, their practices, and their lawyers' experience is available at www.classactionlaw.com.

### 18. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to hire that lawyer yourself. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

### 19. How will the lawyers be paid?

If Class Counsel obtains money or benefits for the Class, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsels' request, the fees and expenses would be either deducted from any money obtained for the Class or paid separately by Great Lakes.

## THE TRIAL

The Court will schedule a trial to decide who is right in this case.

### 20. How and when will the Court decide who is right?

As long as the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiff's claims at a trial. The trial has not yet been scheduled, but will take place in the United States District Court for the Western District of Wisconsin, 120 North Henry Street, Madison, Wisconsin. During the trial, a Jury will hear all of the evidence to help them reach a decision about whether the Plaintiff or Defendants are right about the claims in the lawsuit. There is no guarantee that the Plaintiff will win, or that she will get any money for the Class.

### 21. Do I have to come to the trial?

You do not need to attend the trial. Class Counsel will present the case for the Class, and Great Lakes will present the defenses. You or your own lawyer are welcome to come at your own expense.

### 22. Will I get money after the trial?

If the Class obtains money or benefits as a result of the trial or a settlement, you will be notified about how to participate. We do not know how long this will take.