FINKELSTEIN & KRINSK LLP
Jeffrey R. Krinsk, Esq. (*pro hac vice*)
jrk@classactionlaw.com
David J. Harris, Jr., Esq. (CA Bar #286204)
djh@classactionlaw.com
Trenton R. Kashima, Esq. (*pro hac vice*)
trk@classactionlaw.com
550 West C Street, Suite 1760
San Diego, California 92101
Telephone: (619) 238-1333
Facsimile:  (619) 238-5425

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MEREDITH D. DAWSON, Individually and On Behalf of All Others Similarly Situated<br><br>                                   Plaintiff,<br><br>     v.<br><br>GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., GREAT LAKES HIGHER EDUCATION CORPORATION, JILL LEITL, DAVID LENTZ, and MICHAEL WALKER,<br><br>                                   Defendants. | Case No. 3:15-cv-00475-jdp<br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S RULE 23(c) MOTION TO COMPEL CLASS MEMBERS' CONTACT INFORMATION** |

Pursuant to Fed. R. Civ. P. 23(c), the Court has properly ordered Plaintiff to disseminate notice of this action to individual Class members. *See* Dkt. 183. Rule 23 requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Notice to individual Class members is not only required by rule; it is also necessary to ensure constitutional due process for absent Class members. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-77 (1974) (holding that individual notice to identifiable class members is mandatory in Rule 23(b)(3) cases, and that the requirement may not be relaxed based on high notice costs); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985) (holding that "minimum procedural due process protection" requires "notice plus an opportunity to be heard and participate in the litigation, whether in person or through counsel"). In short, individual notice to Class members is procedurally and constitutionally required, without exception, in Rule 23(b)(3) cases such as this one.

As a practical matter, however, Plaintiff is unable to disseminate the required notice unless and until Defendants provide her with Class members' contact information. *Cf.* Order Denying Motion to Compel as Moot (Dkt. 176) at 3 ("Now that the court has certified the class, Great Lakes presumably has no objection to providing Dawson contact information for all the class members."). After two months of meeting and conferring, Defendants nevertheless object to producing Class members' names, email addresses and mailing addresses on the purported ground that productions of personally identifiable information ("PII") are (generally) prohibited by the federal Privacy Act, 5 U.S.C. § 552a, and by U.S. Department of Education ("ED") guidance concerning the Privacy Act. *See generally* 5 U.S.C. 552a; Declaration of David J. Harris, Jr. in Support of Plaintiff's Rule 23(c) Motion to Compel ("Harris Decl."), Ex. B.

The Privacy Act, however, expressly permits disclosure of PII "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11); *see also Consumer Financial Protection Bureau v. Navient Corp.*, No. 3:17-CV-101, 2018 WL 3824367 (M.D. Penn. Aug. 10, 2018) (ordering a federal student loan servicer to produce otherwise discoverable borrower PII under 5 U.S.C. § 552a(b)(11)).

In *Navient*, a federal student loan servicer, like Defendants here, argued "that they maintain . . . borrower documents on behalf of [ED], which owns the documents." *Navient*, 2018 WL 3824637, at *2. The servicer further asserted "that [ED] requires third-parties, including [p]laintiff, to obtain permission to get the documents in order to comply with the Privacy Act, which otherwise prohibits their release." *Id.* Upon examining the Privacy Act and related precedents, however, the court held without difficulty that "Defendants cannot assert that the records may ultimately belong to [ED] or use the Privacy Act to shield the requested borrower [information] from production." *Id.* As the *Navient* court explained:

> Despite the Privacy Act's general prohibition on disclosure of records, the Court agrees with the rulings of numerous courts that have found that the Privacy Act does not create a qualified discovery privilege. *See, e.g., Laxalt*, 809 F.2d at 888 ("The Privacy Act, however, does not create a qualified discovery privilege as that concept is generally understood, and we find no basis in the statute or its legislative history for inferring one."). "Therefore, a party can invoke discovery of materials protected by the Privacy Act through the normal discovery process and according to the usual discovery standards, and the test of discoverability is the relevance standard of FRCP 26(b)(1)." *Forrest*, 1996 WL 171539, at *2 (citing *Laxalt*, 809 F.2d at 889). Indeed, the Privacy Act's inclusion of an exception for release of records pursuant to court order, 5 U.S.C. § 552a(b)(11), "make[s] it completely clear that the [Privacy] Act cannot be used to block the normal course of court proceedings, including court-ordered discovery." *Adelman*, 1990 WL 39147, at *2. Thus, Defendants cannot rely on the Privacy Act to resist Plaintiff's document requests for borrower documents, made in the course of discovery. Without deciding burden or scope issues not squarely before the Court, the Court will order that Defendants must produce the disputed borrower documents.

*Id.* at *3 (footnotes omitted).

Here, in light of the procedural and constitutional requirements of effecting Class notice — and conducting legitimate merits discovery — Plaintiff repeatedly proposed to Defendants that the parties stipulate to an appropriate Court Order compelling Defendants' production of PII. Harris Decl., ¶4; *see also* Ex. C (Class Counsel's October 10 email to Defendants' counsel); Ex. E (Class Counsel's October 16 email to Defendants' counsel); Ex. F (Class Counsel's October 19 email to Defendants' counsel).

Specifically, Plaintiff proposed a stipulated Court order "which basically says: (1) the parties acknowledge that the F.R.C.P. require production of certain documents and data relating to Great Lakes' loan servicing activities; (2) some of those documents and data may contain or constitute PII; (3) pursuant to 5 U.S.C. [§] 552a, Great Lakes is hereby ordered to produce otherwise discoverable information during the pendency of this litigation, even if such discoverable information contains or constitutes PII; and (4) pursuant to the Court's existing protective order [Dkt. 44; Dkt. 45], all parties and their vendors shall continue to employ reasonable procedures for protecting confidential information from unwarranted disclosure or compromise." Harris Decl., Ex. C. *See, e.g., Navient*, 2018 WL 3824637, at n.5 ("The Court appreciates concerns regarding the potentially sensitive nature of personal information in the disputed borrower records, and expects the parties to comply with the provisions of the [*Navient* court's] Stipulated Confidentiality Agreement and Protective Order . . . to safeguard the information."); *id.* at n.6 ("To avoid future disputes that discovery production in this matter is somehow barred by the Privacy Act, the Court's separate order explicitly states that all discovery production in this matter is made pursuant to the order of a court of competent jurisdiction.").

Defendants, however, have continued to condition any PII production not upon "the order of a court of competent jurisdiction" — *e.g.,* Dkt. 183 — and not even upon ED's consent.

3

Instead, Defendants continue to condition the required disclosures upon their own review of internal "data-retention and data-destruction policies" employed by Class Counsel's proposed notice administrator: KCC, LLC.  *See* Harris Decl., Ex. G.

At bottom, after two months of Plaintiff meeting and conferring with Defendants regarding Class notice, and two months of Defendants dancing around the salient issues, a Court order (beyond Dkt. 183) has become necessary for Plaintiff to disseminate Class notice in a timely manner.  *See generally* Harris Decl.  Accordingly, Plaintiff respectfully requests that the Court grant Plaintiff's instant motion, and compel Defendants to produce Class members' names, email addresses and mailing addresses for purposes of effecting Class notice.  Plaintiff respectfully requests that the Court allow Plaintiff and her proposed notice administrator, KCC, LLC, sufficient time post-production to effect individual notice to a Class of this size.  Harris Decl., ¶11 (estimating a 21-day turnaround time between the production of Class member contact information, and the dissemination of individual notice to Class members).

In addition, Plaintiff respectfully seeks a Court order prohibiting Defendants from using the Privacy Act, or ED's guidance thereunder, to object to producing otherwise discoverable information during the course of this litigation.  *See Navient*, 2018 WL 3824637, at n.6.  The Court's existing Protective Order sufficiently safeguards Class member PII, as it does all other sensitive information which the parties agree is otherwise discoverable.  Dkt. 44; Dkt. 45; *Navient*, 2018 WL 3824637, at n.5.  In fact, this Court's longstanding Protective Order was affirmatively stipulated to and signed by counsel for ED, as a party to this case.  *See* Dkt. 44 at 13.  With ED itself having agreed to this Court's Protective Order, it is particularly meritless for Defendants to now claim — in ED's name — that the Protective Order is insufficient to facilitate Class notice, or to facilitate otherwise legitimate discovery activities in this action.

                                              Respectfully submitted,

                                              FINKELSTEIN & KRINSK LLP

Dated: October 22, 2018                By:    s/ David J. Harris, Jr.
                                                       David J. Harris, Jr., Esq.

                                              Jeffrey R. Krinsk, Esq.
                                              Trenton R. Kashima, Esq.
                                              550 West C Street, Suite 1760
                                              San Diego, California 92101-3579
                                              Telephone: (619) 238-1333
                                              Facsimile:  (619) 238-5425

                                              *Counsel for Plaintiff and the Class*