IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MEREDITH D. DAWSON,

                Plaintiff,

  v.

GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., GREAT LAKES HIGHER EDUCATION CORPORATION, JILL LEITL, DAVID LENTZ, and MICHAEL WALKER,

                Defendants.

ORDER

15-cv-475-jdp

---

The court certified this case as a class on September 28, 2018, Dkt. 171, but the parties have yet to provide notice to the class as required by Federal Rule of Civil Procedure 23 as a result of an ongoing dispute regarding how notice should be effectuated. Now plaintiff Meredith Dawson has filed a motion to compel discovery, Dkt. 184, which is ready for review.

Dawson asks the court to order the defendants (collectively "Great Lakes") to do two things: (1) provide Dawson the names and contact information of the class members, including email addresses and mailing addresses; and (2) refrain from raising objections under privacy laws to future discovery requests. Great Lakes acknowledges that it must provide class member contact information, but, before it does so, it wants assurances that Dawson's third-party administrator for sending notices will not compromise the privacy of the class members. Because Dawson has refused to provide Great Lakes information about the administrator's data retention and data destruction policies, Great Lakes asks the court to direct Dawson to provide that information. Great Lakes also asks the court to direct Dawson to provide notice to the class by U.S. mail rather than email.

The court held a telephone conference on Dawson's motion. Dawson appeared by David Harris and Trent Kashima. Great Lakes appeared by Eric Pearson and Tom Shriner. The court will summarize the conclusions it reached at the conference.

First, the court concludes that it is reasonable to require Dawson to provide basic information regarding the administrator's policies on keeping information secure and destroying it at the close of litigation. After Dawson provides that information, the parties (as well as the third-party administrator if it wishes to participate) will meet and confer to determine whether the policies are adequate. If Great Lakes believes that the polices are not adequate, the parties must make good faith efforts to resolve their differences. If those efforts are not successful, Great Lakes may seek a protective order from the court in which it identifies specific deficiencies in the administrator's policies, offers an alternative policy, and describes the efforts it took to reach agreement with Dawson and the administrator. The parties may also wish to consider whether they should seek to amend their protective order to include more specific guidelines related to the retention and destruction of personally identifiable information.

Second, as to the type of notice that Dawson should provide class members, the court's preliminary conclusion is that email notice is adequate *unless* the email address of the class member is not available or the class member has not consented to allow Great Lakes to contact him or her by email. In these situations, Dawson should send notice by U.S. mail. As to the latter group, Dawson may send an email notice, but notice by U.S. mail is also appropriate because individuals in that group have indicated that email may be a less reliable method for contacting them. If Dawson's administrator believes that it is not feasible to provide notice by

both U.S. mail and email as to these individuals, Dawson may raise that objection before it disseminates the notices.

Third, the court will not prohibit Great Lakes from raising privacy objections in the future. But the court will adopt the approach in *Consumer Financial Protection Bureau v. Navient Corp.*, No. 17-cv-101, 2018 WL 3824367 (M.D. Pa. Aug. 10, 2018), which issued a standing order that "all discovery production in this matter is made pursuant to the order of a court of competent jurisdiction." *Id.* at *3. The purpose of that language is to avoid repeated objections under the Privacy Act that Great Lakes cannot provide information in the absence of a court order. 5 U.S.C. § 552a(b)(11) (Privacy Act does not apply to information that is provided "pursuant to the order of a court of competent jurisdiction"). But because it is possible that Great Lakes may have other objections that the court and the parties cannot anticipate, it would be premature to bar Great Lakes from raising those objections in advance.

ORDER

IT IS ORDERED that:

1. Plaintiff Meredith Dawson's motion to compel, Dkt. 184, is DENIED without prejudice.

2. Dawson may have until December 6, 2018, to provide Great Lakes basic information about its third-party administrator's data retention and data destruction policies.

3. The parties may have until December 13, 2018, to meet and confer about the adequacy of the third-party administrator's policies.

4. Great Lakes may have until December 20, 2018, to either provide the class members' contact information or seek a protective order from the court.

5. Dawson may have 15 days from the date Great Lakes provides the class members' contact information to either disseminate notice to the class or show cause why she is unable to do so.

6. All discovery in this case is made pursuant to the order of a court of competent jurisdiction within the meaning of 5 U.S.C. § 552(a)(b)(11).

Entered November 29, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge