IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MEREDITH D. DAWSON,

                Plaintiff,

v.

GREAT LAKES EDUCATIONAL LOAN SERVICES,
INC., GREAT LAKES HIGHER EDUCATION
CORPORATION, JILL LEITL, DAVID LENTZ, and
MICHAEL WALKER,

                Defendants.

OPINION and ORDER

15-cv-475-jdp

---

      Two motions filed by the defendants (collectively, "Great Lakes") are before the court: (1) a motion for leave to file a supplemental answer that incorporates events that have occurred since Great Lakes filed its original answer, Dkt. 191; and (2) a motion for the court to enter two proposed protective orders, Dkt. 193. Dawson does not oppose the motion to file a supplemental answer and the court does not see a problem with it, so the court will grant that motion without further discussion.

      As for Great Lakes' request for protective orders, the court will approve the portions of the protective orders that are not in dispute. But, for the reasons explained below, the court will not approve the disputed portions: (1) making discovery of contact information for the class contingent on approval from the Department of Education; and (2) requiring Dawson to either review discovery materials on a private website hosted by Great Lakes or agree to indemnify Great Lakes in the event of damages caused by a security breach.

ANALYSIS

Great Lakes discusses several issues in its "motion for protective orders," but, as the name of the motion suggests, the only relief it requests is two protective orders related to personally identifiable information, or PII. The court will limit its analysis to a review of those two requests.

The first proposed order relates to class notice. Although the court granted Dawson's motion for class certification in August 2018, the parties have not provided class notice yet because they are continuing to debate issues surrounding PII. The court has already resolved one dispute about those issues. Dkt. 190. In a previous order, the court: (1) directed Dawson to provide Great Lakes basic information about its administrator's policies on keeping information secure and destroying it at the close of litigation; and (2) held that discovery produced in this case that would otherwise be protected by the Privacy Act is subject to the exception in the Act for disclosures made "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). The purpose of the latter holding was to prevent Great Lakes from making repeated objections under the Privacy Act to discovery requests.

Now Great Lakes is raising a new issue that it should have raised before. Specifically, before it produces the class's contact information, it wants Dawson to ask the Department of Education to approve the release to Dawson directly. In the alternative, Great Lakes wants to produce the information to Great Lakes' third-party administrator only and then seek further guidance from the department about whether and how it should release the information to Dawson as well.

There are several problems with Great Lakes' proposal, but the court need not discuss them all. The bottom line is this: Great Lakes neither cites any precedent for its proposal nor

2

provides a coherent rationale for it. Great Lakes says that it is concerned about the privacy rights of the class members, but Great Lakes has agreed to handle any information it receives in the manner proposed by Great Lakes in the proposed protective order. Great Lakes doesn't explain why the protective order is sufficient for the third-party administrator, but not for Dawson.

Great Lakes also doesn't explain persuasively why it believes it needs permission from the department to produce discovery materials. Great Lakes points to a contract that says that the department must evaluate third-party information requests for compliance with the Privacy Act. But the court resolved that issue in the previous order, concluding that discovery requests in this case fall within an exception to the Privacy Act. *See also Consumer Fin. Prot. Bureau v. Navient Corp.*, No. 17-cv-101, 2018 WL 3824367, at *2 (M.D. Pa. Aug. 10, 2018) ("Defendants cannot assert that the records may ultimately belong to the Department of Education or use the Privacy Act to shield the requested borrower documents from production."). So the court will approve the proposed protective order related to class notice, Dkt. 194-9, but the court will delete the language related to obtaining permission from the department.

Great Lakes' second set of proposed protective orders relates to the handling of PII as a more general matter.[1] Both versions of the proposed order include general instructions on the production, maintenance, handling, and destruction of documents containing PII. Dawson has

---

[1] The impetus for the second set of protective orders are discovery requests from Dawson for a "project folder" and emails and instant messages from borrowers. These discovery requests were the subject of two earlier motions to compel, Dkt. 73 and Dkt. 105, but the court denied both motions without prejudice pending a decision on Dawson's renewed motion for class certification, Dkt. 123. After the court granted the motion for class certification, Dawson renewed those discovery requests, though she has not renewed her motion to compel.

agreed to those general provisions. But both versions also have a separate provision to which Dawson objects.

In one version of the proposed protective order, Dawson's access to any documents containing PII would be limited to "an online document management database that would be maintained on defense counsel's computer servers." Dkt. 193, at 11. Dawson would be prohibited from making electronic copies of the documents. Dkt. 194-10, ¶ 8. In the other version of the proposed protective order, Great Lakes would provide the documents to Dawson directly, but "plaintiff and her attorneys" would have to "indemnify and hold harmless" Great Lakes "for any and all costs borne by" Great Lakes "as a result of a known or reasonably-suspected release of borrowers' PII." Dkt. 76-1, ¶ 6.

Again, Great Lakes neither cites any legal precedent for these extraordinary measures nor explains why they are necessary in light of the other provisions governing the handling of PII in the proposed protective order. Great Lakes says that indemnification agreements are "a common practice in business." Dkt. 196, at 5. But what is common in business transactions has little bearing on what is appropriate for litigation. Great Lakes doesn't cite a single case in which a court required a party to sign an indemnification agreement as a condition of discovery. So the court will approve the protective order without limiting Dawson's access to documents or requiring Dawson or her lawyers to indemnify Great Lakes. If Great Lakes suffers any damages as a result of any conduct by Dawson, Great Lakes may invoke the remedies that the law already provides.

It is past time that this case proceed to its next phase. A relatively straightforward matter such as producing contact information for the class should not take five months. So from here on the court expects the parties to make greater efforts to cooperate on discovery matters. This

includes using a more measured tone, both in court filings and in correspondence with each other. Inflammatory language rarely promotes dispute resolution. And if the parties cannot resolve a dispute without court assistance despite their best efforts, they should cite relevant authority showing that their position is justified under the law. Simply explaining a position without identifying the law that supports it is not a persuasive way to make an argument.

ORDER

IT IS ORDERED that:

1. Great Lakes' motion to file a supplemental answer, Dkt. 191, is GRANTED.

2. Great Lakes' motion for protective orders, Dkt. 193, is GRANTED in part and DENIED in part. The proposed protective orders, Dkt. 76-1 and Dkt. 94-9, are APPROVED as revised below.

3. Great Lakes may have until February 5, 2019, to produce class contact information. Dawson may have until February 12, 2019, to disseminate class notice.

Entered January 30, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge