FINKELSTEIN & KRINSK LLP
Jeffrey R. Krinsk, Esq. (*pro hac vice*)
jrk@classactionlaw.com
David J. Harris, Jr., Esq. (CA Bar #286204)
djh@classactionlaw.com
Trenton R. Kashima, Esq. (*pro hac vice*)
trk@classactionlaw.com
550 West C Street, Suite 1760
San Diego, California 92101
Telephone: (619) 238-1333
Facsimile:  (619) 238-5425

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MEREDITH D. DAWSON, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., GREAT LAKES HIGHER EDUCATION CORPORATION, JILL LEITL, DAVID LENTZ, and MICHAEL WALKER, <br><br> Defendants. | Case No. 3:15-cv-00475-jdp <br><br><br> **BRIEF IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR CONTINUANCE OF DISPOSITIVE MOTION DEADLINE AND TO SET MODIFIED BRIEFING SCHEDULE** |

Plaintiff and Class Representative Meredith Dawson respectfully moves the Court to continue its current dispositive motion deadline by 31 days, from May 3, 2019 to June 3, 2019.  In addition, the parties have stipulated to requesting that the Court enter the following briefing schedule with respect to summary judgment motions:

- June 3, 2019 — Opening Dispositive Motion Papers

- July 18, 2019 — Papers in Opposition to Dispositive Motion(s)

- August 17, 2019 — Papers in Reply.

*See* Harris Declaration, Ex. A at 1-2.

## I.    NEED FOR ONE-MONTH CONTINUANCE ON DISPOSITIVE MOTIONS

The Court certified this case as a class action on August 28, 2018.  Dkt. 171.  At the time, there remained two substantial document discovery disputes between the parties, which had remained outstanding since the Court's order denying certification two years prior.  *See* Dkt. 85 (denying class certification, and denying motion to compel 97,000 agreed upon emails and attachments as "moot"); Dkt. 123 (postponing decision on another substantial motion to compel discovery, until after class certification was decided).  These two discovery disputes remained outstanding only because these large document sets contained borrower PII (personally identifiable information); thus, a Court order was arguably necessary to facilitate production under the federal Privacy Act.  5 U.S.C. § 552a.  After much meeting and conferring in 2016, the parties could not agree on the appropriate terms for such an order.  And the Court's denials of both motions to compel in 2016 operated to table any decision on privacy issues, pending class certification.

Following Class certification (Dkt. 171) and related appellate proceedings, the same outstanding privacy issue arose between the parties, in connection with effecting Class Notice under Fed. R. Civ. P. 23(c).  As a practical matter, Plaintiff and her Settlement Administrator,

KCC, needed Class member PII to effect notice to the Class as a required by law.  And as a statutory matter, a Court order was arguably necessary for Defendants to produce Class member PII to Plaintiff and/or her Settlement Administrator.  5 U.S.C. § 552a.  Once again, after much meeting and conferring (on the same issues negotiated back in 2016), the parties could not agree upon appropriate terms for such a Court order.

So on October 22, 2018, Plaintiff filed a motion to compel certified Class members' contact information for Class notice purposes.  In addition, requested that the Court issue a discovery order akin to the order entered in *C.F.P.B. v. Navient Corp.*, No. 3:17-CV-101, 2018 WL 3824367 (M.D. Penn. Aug. 10, 2018).  *See* Dkt. 184 at 1; Dkt. 185 at 4; Dkt. 189 at 3-6.  The primary purpose of the latter part of Plaintiff's motion was to facilitate production of the large document populations from 2016, which remained outstanding due to Defendants' longstanding privacy objections.  *Id.*

On November 29, 2018, however, the Court denied without prejudice Plaintiffs' motion to compel borrower PII.  Dkt. 190.  The Court ordered the parties to further meet and confer regarding data security issues, as a precondition to ordering Defendants produce borrower names, addresses and email addresses for Class Notice purposes.  Dkt. 190 at 2.   The Court also invited further motion practice if the parties' PII-related meet and confer efforts remained unsuccessful.  *Id.*

With respect to borrower PII contained in the outstanding document populations (from Plaintiffs' original motions to compel in 2016), the Court ordered that "all discovery production in this matter is made pursuant to the order of a court of competent jurisdiction."  *Id.* at 3.  (quoting *Navient*).  However, at the same time, the court stated that it would "not prohibit Great Lakes from raising privacy objections in the future."  *Id.*

The parties abided by the Court's order to further meet and confer regarding PII issues, but remained at the same impasses they had reached back in 2016, the same impasses they had reached

a second time in October 2018.  The parties also disputed the proper interpretation of the Court's order: namely, whether it required Defendants to produce all outstanding, otherwise agreed upon discovery, notwithstanding Defendants' existing Privacy Act objections.  On the one hand, the Court seemed to be (somewhat) sustaining Defendants' privacy objections with respect to Class notice (ordering further meet and confer), and on the other hand, the Court seemed to at least partially overrule Defendants' privacy objections with respect to document discovery.  *See generally* Dkt. 190.  The Court sought to "avoid repeated objections under the Privacy Act," while allowing the potential for Defendants to raise "future" privacy objections "that the court and the parties cannot anticipate."  *Id.*

The parties ultimately ended the meet and confer process in December 2018 the same way they had ended it in 2016, and in October 2018: agreeing that some form of protective order should facilitate Class notice and document discovery, but disputing the appropriate provisions for such protective order(s).  The disagreements were minimal in number, but meaningful in substance. The Court ultimately adopted Plaintiff's versions of the proposed protective orders.  *See generally* Dkt. 197.  The Court ultimately entered this first order —unequivocally facilitating the production of borrower PII — on January 30, 2019.

But before January 30, 2019, in the absence of such an order, the 97,000 emails and other relevant documents remained unproduced.  Plaintiff had moved to compel their production in August 2016, and again in October 2018.  Dkt. 73; Dkt. 74; Dkt. 184; Dkt. 185 at 4; Dkt. 189 at 3-6.  But both times, the Court substantially or completely denied these discovery motions without prejudice.  *See* Dkt. 85; Dkt. 190.[1]

---

[1] Plaintiff had also moved to compel Defendants' production of borrower PII to facilitate "corrective notice" to the Class, making substantial legal arguments as to why such production

In short, Plaintiff repeatedly moved the Court for an order clarifying her right to have borrower PII produced, as well as to have large, outstanding populations of document discovery produced notwithstanding the fact that they contained PII.  However, the Court did not enter the order that ultimately facilitated these productions until Dkt. 197, on January 30, 2018 (five months post-certification).  At that point, no one could dispute that Class notice and outstanding document discovery should proceed, notwithstanding borrower privacy concerns.

Following the Court's order of January 30, Defendants' counsel believed that the 97,000 agreed upon emails (outstanding since 2016), could be produced to Plaintiff by mid-February 2019.  *See* Harris Declaration, Ex. B at 1.   Defendants' counsel, however, later notified Class counsel that this time table could not be achieved.  Defense counsel's firm had experienced a system change during the two years Class certification remained pending, which led to some technical issues with document discovery.  In addition, Defendants represented that a thorough privilege review of these documents had become necessary.  *See* Harris Declaration, Ex. C at 1.

Accordingly, Class Counsel stipulated to a rolling production of this large document population, which Plaintiff had sought by motion in August 2016, and again in October 2018, shortly after the Court set the remaining schedule for this case.   The parties negotiated an appropriate number of depositions (20), and generally agreed that it was reasonable for Plaintiff to complete (or at least mostly complete) her review of this large, initial email population before taking depositions.  Approximately 50,000 of those documents were produced on March 14, 2019; tens of thousands of other documents were produced leading up to March 14.  Defendants' rolling

---

was legally necessary and proper. Dkt. 162; Dkt. 166; Dkt. 167; Dkt. 168 (filed with the Court between May 2018 and July 2018).   In September 2018, the Court also denied that motion to compel borrower PII as "moot." The Court reasoned that since the Class had been certified, "Great Lakes presumably ha[d] no objection to providing Dawson contact information for all the class members."  Dkt. 176 at 2-3.  The Court's presumption later proved incorrect.

production of previously agreed upon documents is still ongoing.  Plaintiff is in the midst of an extensive review of these documents, many of which are individually long, containing complex information and data sets.  There is additional document discovery to be done as well, which has become necessary only in the wake of Class notice being disseminated, and in light of recent deposition testimony.

Plaintiff has negotiated and taken three depositions of U.S. Department of Education employee-witnesses so far in March 2019.  In addition, on March 8, 2019, Defendants informed Plaintiff that it would not be possible to schedule all of the agreed upon Great Lakes witnesses within the next two months.  *See* Harris Declaration, Ex. D at 1.  The parties are thus in the process of prioritizing and scheduling witnesses to testify as soon as practicable.

In sum, the parties (along with third parties, including the U.S. Department of Education) have been negotiating and conducting extensive document and testimonial discovery following the Court's order of January 30, 2019.  But the complexity of issues — and the volume of information being negotiated, reviewed and analyzed by counsel — has rendered the Court's current dispositive motion deadline unworkable.

Much has been done, much is being done, but much is still left to be done.  Therefore, Plaintiff, with the agreement of Defendants, respectfully requests that the Court continue its current dispositive motion deadline from May 3, 2019 to June 3, 2019.  In addition, the parties are requesting a modified briefing schedule for dispositive motions, as set forth below.

## II.   NEED FOR A MODIFIED BRIEFING SCHEDULE ON DISPOSITIVE MOTIONS

The Court's default briefing schedule on dispositive motions typically allows for 21 days of response time, and 10 days of reply time.  Dkt. 38 at 2-3.  The parties, however, upon meeting

and conferring, have agreed to request that the Court modify its normal schedule to allow for additional briefing time.  This is necessary and proper for several reasons.

First, this is a class action, not an individual action.  The court has certified a class consisting of well over 100,000 members asserting multiple claims for relief.  And the class period during which relevant events occurred spans a decade.

Second, as revealed by many of the parties' pleadings and arguments to date, the subject matter of this case is complex.  It involves federal student loan rules, complex data systems that handle enormous volumes of student loans, as well as class-wide RICO claims.   There are many complex factual and legal issues to be addressed.

Third, there has been relevant, post-lawsuit activity over the last four years since Plaintiff filed suit.  Defendants claim to have engaged in two separate, complex IT projects during the last four years of litigation: projects which (Defendants say) remedied the class's original injuries in this case.  *E.g.,* Dkt. 66.  The parties will be addressing these post-litigation activities (purportedly altering over 100,000 Class members' financial accounts) in their papers; this adds yet another layer of complexity to an already large and complex action.  The amount in controversy is tens of millions of dollars.

For all of these reasons, the parties have stipulated to proposing a modification to the Court's normal briefing schedule, to allow for 45 days of response time, and 30 days of reply time on dispositive motions.  Such extended briefing schedules are common practice among federal courts in complex fraud cases, even at the pleading stage.  *E.g., In re Pretium Resources Inc. Sec. Inc.,* 256 F.Supp.3d 459, 469-70 (S.D.N.Y. 2017) (allowing stipulated 45-day response period, and 30-day reply period on a motion to dismiss securities fraud claims); *Loftus v. Primero Mining*

*Corp.*, No. CV 16-01034-BRO (RAOx), 2017 WL 3142297, at *7 (C.D. Cal. Jul. 14, 2017) (allowing stipulated 50-day response period, and 21-day reply period on a motion to dismiss).

Accordingly, the parties proposed, stipulated briefing schedule for dispositive motions is as follows:

- June 3, 2019 — Opening Dispositive Motion Papers

- July 18, 2019 — Papers in Opposition to Dispositive Motion(s)

- August 17, 2019 — Papers in Reply.

## III.   REQUEST FOR TELEPHONIC SCHEDULING CONFERENCE IF NECESSARY

Plaintiff and her counsel believe that their ability to present the Class's cases in chief will be substantially prejudiced if the Court were to deny any portion of the schedule proposed herein. However, if the schedule proposed herein is unworkable for the Court (for example, if the parties' proposed schedule pushes summary judgment briefing back too close to trial), then Plaintiff respectfully requests a telephonic conference with the Court to discuss additional scheduling options that would accommodate the parties and the Court.

Respectfully submitted,

FINKELSTEIN & KRINSK LLP

Dated: March 22, 2019                          By: ___s/ David J. Harris, Jr._____
                                                                   David J. Harris, Jr., Esq.

Jeffrey R. Krinsk, Esq.
Trenton R. Kashima, Esq.
550 West C Street, Suite 1760
San Diego, California 92101-3579
Telephone: (619) 238-1333
Facsimile:  (619) 238-5425

*Counsel for Plaintiff and the Class*