UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

MEREDITH D. DAWSON,

           Plaintiff,

                                    Case No.: 15-cv-475-jdp

v.

GREAT LAKES EDUCATION LOAN SERVICES,
INC., GREAT LAKES HIGHER EDUCATION
CORPORATION, JILL LEITL, DAVID LENTZ, and
MICHAEL WALKER,

           Defendants.
_____

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL PROPOSED FINDINGS OF FACT

Plaintiff Meredith D. Dawson, by her undersigned counsel, moves to strike Defendants' Supplemental Proposed Findings of Fact (Dkt. 261, ¶¶76-98) on the following grounds.

On June 03, 2019, Defendants filed their Motion for Summary Judgment (Dkt. 217) and supporting documents. Defendants failed to file any proposed findings of fact, as required by this Court's standard procedures. *See* Dkt. 242. After Plaintiff identified this infraction, Defendants moved the Court for leave to file proposed findings of fact. *Id.* at 1. By this point, Defendants had the benefit of reviewing the Plaintiff's Proposed Findings of Fact in Opposition to Defendants' Motion for Summary Judgment (Dkt. 234), as well as Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment (Dkt. 235). The Court attempted to remedy any unfairness to the Plaintiff Class from granting Defendants' Motion for Leave to File Proposed Findings of Fact, by restricting Defendants to only those facts set forth in Defendants' opening brief. Dkt. 242 at 2.

Defendants, in their belatedly filed proposed findings of fact, included at least some proposed facts that were not specified in Defendants' opening brief (*e.g.,* Dkt. 248, ¶¶73-74). Moreover, Defendants submitted a new Declaration of Tammy Kielhofer (Dkt. 247) containing additional evidentiary materials in support of the proposed findings of fact. *See* Dkt. 251, ¶¶55, 60, 62 (Class responses). The Court should consider neither the new Kielhofer Declaration (Dkt. 247) as additional evidentiary support for Defendants' Proposed Findings of Fact 55, 60 and 62, nor Defendants' Proposed Findings of Fact 73 and 74.

Defendants, in filing their Reply materials in support of the Motion for Summary Judgment, have further violated the Court's standing procedure on motions for summary judgment (Dkt. 182 at 2-7). The Court's procedure is clear that reply materials, as relate to proposed findings of fact, may include only:

1. A reply to each numbered factual statement made by the responding party in response to the moving party's proposed findings of fact, together with references to evidentiary materials.

2. A response to each additional numbered factual statement proposed by the responding party, if any, together with references to evidentiary materials.

*See* Dkt. 182 at 5-7. The summary judgement reply process does not permit a moving party to file, with its reply materials, *supplemental* proposed findings of fact, as Defendants did here (Dkt. 261, ¶¶76-98). Defendants rely heavily on their supplemental proposed findings to argue on reply that GLELSI could not have "conducted the affairs" of GLHEC within the meaning of 18 U.S.C. § 1962(c), arguing that "[t]hese are indisputable facts." *See* Dkt. 262 at 29-30 (citing Defendants' supplemental proposed findings).

It appears that Defendants, having failed to file proposed findings of fact initially, and then being prohibited by the Court from going beyond the facts stated in Defendants' opening brief, are

now attempting to avoid the Court's direction as well as the clear language of the Court's standing procedure on dispositive motions. The Court should strike Defendants' Supplemental Proposed Findings of Fact. To treat such supplemental proposed findings as "indisputable facts" (Dkt. 262 at 29-30), when they are initially proposed on reply by the movant, would run afoul of the Court's docketed procedures as well as Seventh Circuit precedent. *See Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013) (recognizing that courts cannot "enforce or relax" local rules governing summary judgment "unequally as between the parties").

Under Seventh Circuit law, the Court would have been within its discretion to simply deny Defendants' Motion for Summary Judgment for failing to comply with the Court's local procedures. *Id.*; *see also* Dkt. 242 at 2. The Court declined to do that, but instead fashioned a procedure to help mitigate prejudice to the Plaintiff class resulting from Defendants reviewing Plaintiff's separate proposed findings of fact in opposition to the Motion for Summary Judgment, before Defendants proposed any findings of fact in support of their opening motion. Dkt. 242 at 2. The Court's revised procedure did not otherwise modify the Court's long-standing procedures governing summary judgment motions. *Id.* at 1-2. The Court did not authorize Defendants, in their reply materials, to propose brand new, additional proposed findings of fact to which the Plaintiff class would have no opportunity to respond. *Id.*

The Court should thus strike Defendants' Supplemental Proposed Findings of Fact and all evidentiary materials, including declarations, supporting Defendants' unauthorized supplemental proposed findings of fact.

Dated this 30th day of August, 2019.

        AXLEY BRYNELSON, LLP

        *s/ Michael J. Modl*
        Michael J. Modl, SBN 1011419
        Heath P. Straka
        Danielle E. Baudhuin
        Attorneys for Plaintiff
        2 East Mifflin Street, Suite 200
        Post Office Box 1767
        Madison, WI 53701-1767
        Telephone: (608) 257-5661
        Facsimile: (608) 257-5444
        mmodl@axley.com
        hstraka@axley.com
        dbaudhuin@axley.com


        GINGRAS, THOMSEN & WACHS

        Robert J. Gingras
        Paul Kinne
        8150 Excelsior Drive
        Madison, WI 53717
        Tel: (608) 833-2632
        Fax: (608) 833- 2874
        gingras@gtwlawyers.com
        kinne@gtwlawyers.com


        FINKELSTEIN & KRINSK LLP

        David J. Harris, Jr.
        Jeffrey R. Krinsk
        Trenton R. Kashima
        550 West C Street, Suite 1760
        San Diego, California 92101-3579
        Tel: (619) 238-1333
        Fax: (619) 238-5425