UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

MEREDITH D. DAWSON,

        Plaintiff,

v.                                           Civil Action No. 15-cv-475-jdp

GREAT LAKES EDUCATIONAL
LOAN SERVICES, INC., et al.,

        Defendants.

---

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL PROPOSED FINDINGS OF FACT

---

### INTRODUCTION

Plaintiff Meredith Dawson ("Dawson") moved to strike Great Lakes' (we use "Great Lakes" to refer to Great Lakes Educational Loan Services, Inc., Great Lakes Higher Education Corp., Jill Leitl, David Lentz, and Michael Walker) Supplemental Proposed Findings of Fact. Dkt. 268 ("Mot. to Strike"). This Court should deny Dawson's motion for three reasons.

*First*, Great Lakes submitted the supplemental proposed facts only to document the legal inadequacies with Dawson's reconfigured RICO claim, which she surfaced for the first time in her summary-judgment response brief. As Great Lakes explained in its reply brief, the supplemental facts had not been germane to the RICO count that

Dawson articulated in her complaint, but they became germane when Dawson reimagined her RICO theory in her response brief.  *See* Great Lakes Reply Br., Dkt. 262, at 22–24; *see also* Dkt. 261, ¶¶ 76–98.  *Second*, this Court's procedures allow a party to submit supplemental facts when necessary, which is consistent with this Court's expansive power under Rule 56(e) of the Federal Rules of Civil Procedure to facilitate full consideration of the relevant facts on summary judgment.[1]  *Third*, Dawson encourages the Court to disregard certain proposed facts and a supporting affidavit from Great Lakes' Proposed Findings of Fact (Dkt. 248, ¶¶ 73–74, Dkt. 247), claiming that Great Lakes strayed beyond its opening brief when it submitted its proposed findings of fact.  Dawson is wrong on the facts, so the Court can deny the motion for this additional reason.

## ARGUMENT

I. **Great Lakes' Supplemental Proposed Findings of Fact Were Necessary and Appropriately Submitted.**

    A. *Dawson's modification of her RICO claim in her response brief necessitated supplemental facts in Great Lakes' reply brief.*

Great Lakes submitted its Supplemental Proposed Factual Findings for one reason:  Dawson's opposition to Great Lakes' summary-judgment motion tried to

---

[1] The advisory committee notes to Rule 56 explain that giving a party full opportunity to present and support applicable facts will, "[i]n many circumstances … be the court's preferred first step."  Fed. R. Civ. P. 56, advisory committee's note (2010).  Denying Dawson's motion to strike would further the goals of that rule and permit full consideration on the merits.

modify the only RICO claim that she has ever pleaded. This Court previously warned Dawson about the "equivoca[tion]" and "disparate theories" in her complaint when it denied her first motion for class certification three years ago this month. Dkt. 85 at 7-9. Despite that warning, however, for the first time ever, Dawson's RICO "persons" changed in her summary-judgment opposition brief this summer from GLELSI, GLHEC, and all three individual defendants to, in her summary-judgment response brief, just GLELSI and Leitl.[2] Likewise, her RICO enterprise changed from GLELSI and GLHEC together to just GLHEC.

In Great Lakes' reply brief, it argued that this Court should not allow Dawson to attempt to amend her complaint without leave (*see* Reply Br. 22–24), but Great Lakes also explained why even Dawson's new configuration of her RICO claim remained legally insufficient. Reply Br. 24–33. Explaining those flaws in her new theory invoked different facts than had been germane under the claim as pleaded, so Great Lakes submitted them as supplemental proposed findings when it filed its reply brief, believing that this was likely to be the most efficient course for dealing with Dawson's newly concocted RICO theory.

---

[2] In her response brief, Dawson explicitly dropped all her claims against individual defendants Lentz and Walker, and effectively conceded that GLHEC should no longer be a RICO defendant. Great Lakes Reply Br. 22 & 23 n.8.

B.   *Great Lakes' Supplemental Proposed Findings of Fact are permitted by this Court's procedures.*

Dawson claims that this Court's summary-judgment procedures do not permit the filing of supplemental proposed facts, but her argument oversimplifies those procedures. Part III.C, governing replies to proposed findings, provides that, "[i]f the responding party has filed additional proposed findings of fact, the moving party should file its response to those proposed facts … following the procedure in II.D." Dkt. 182 at 6. Part II.D, governing oppositions, says a response to a proposed fact must "not respond … with additional facts … not directly responsive to the proposed fact." *Id.* at 5. Instead, "if a responding party believes that more facts are necessary to tell its side of the story, it should include those facts in its own proposed facts, as discussed in II.B." *Id.* Part II.B explains that the "purpose of additional proposed findings of fact is to *supplement* the moving party's proposed findings of fact" (as opposed to disputing an opponent's proposed finding). *Id.* at 4.

In responding to Dawson's Proposed Factual Findings (Dkt. 234), Great Lakes limited its responses to directly responsive matter. The facts contained in paragraphs 76–98 of Great Lakes' responses to Dawson's proposed findings, however, were better characterized as "more facts … necessary" for Great Lakes "to tell its side of the story," given that Dawson had reconfigured the structure of her RICO claim in her summary-judgment response brief. Great Lakes followed the cross-references above in this Court's procedures and characterized these facts as "supplemental."

4

Notably, this Court's procedures allow Dawson to seek permission to file a sur-reply, which, as this Court has explained, it will allow in a "rare, unusual situation[]." Part IV.  That Dawson chose instead to file this motion to strike, despite the overhaul of her RICO claims in her response brief (without having sought leave to amend them) and the mix-up in Great Lakes' initial filings, suggests that she knows that there is nothing disputable about Great Lakes' supplemental proposed facts.

## II.   Dawson's Request to Disregard Facts and an Affidavit in Great Lakes' Proposed Findings Is Without Merit.

Dawson suggests that this Court should disregard a declaration from Great Lakes' employee Tammy Kielhofer (and the few paragraphs from Great Lakes' original Proposed Findings of Fact that rely on the declaration) because they were outside the scope of Great Lakes' opening brief and therefore violated the Court's order.  Mot. to Strike at 2.  Her argument is easily debunked.  The Kielhofer declaration is a simple transmittal declaration containing no other substantive statements.  *See* Dkt. 247.  Great Lakes originally included the three documents attached to it to the transmittal declaration of one of its attorneys (Dkt. 219, Exs. I, J, K), and relied on these documents in its opening brief.  *See* Dkt. 218 at 22–24.  In her response brief, Dawson complained that counsel could not have authenticated the transmitted documents.  Dkt. 235 at 20. Instead of picking a fight over this issue in its reply brief, Great Lakes simply re-transmitted the documents along with Ms. Kielhofer's declaration when it filed its proposed facts, because she is personally familiar with these documents.

5

## CONCLUSION

For the reasons set forth above, Great Lakes requests that this Court deny Dawson's motion to strike.

Dated this 13th day of September, 2019.

                                            s/ Eric G. Pearson

Thomas L. Shriner, Jr.
Eric G. Pearson
Aaron R. Wegrzyn
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202-5306
(414) 271-2400 Telephone
(414) 297-4900 Facsimile
Email: tshriner@foley.com
Email: epearson@foley.com
Email: awegrzyn@foley.com

*Attorneys for Defendants Great Lakes Educational Loan Services, Inc., Great Lakes Higher Education Corporation, Jill Leitl, David Lentz, and Michael Walker*

6