UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

MEREDITH D. DAWSON,

      Plaintiff,

v.                                      Civil Action No. 15-cv-475-jdp

GREAT LAKES EDUCATIONAL
LOAN SERVICES, INC., et al.,

      Defendants.

---

### DECLARATION OF ERIC G. PEARSON IN SUPPORT OF DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF UNPRODUCED CLASS MEMBER IDENTITIES, AND FOR CIVIL CONTEMPT SANCTIONS

---

Eric G. Pearson, in connection with the above-captioned matter, declares that:

1.  I am one of the attorneys at Foley & Lardner LLP ("Foley") who has appeared in this matter on behalf of defendants Great Lakes Educational Loan Services, Inc., Great Lakes Higher Education Corporation, Jill Leitl, David Lentz, and Michael Walker in this case.

2.  On February 4, 2019, I emailed Marili Krejsbol at KCC, the class-notice administrator, a Microsoft Excel spreadsheet containing the names and contact information of more than 129,000 class members. Great Lakes Educational Loan Services, Inc. ("GLELSI") provided me with the spreadsheet to send to KCC.

3.     Following the second deposition of GLELSI's Rule 30(b)(6) witness on April 29, 2019, Plaintiff's counsel served Defendants with a set of four requests for admission on May 8, 2019. I understood the requests for admission to refer to a certain line of questioning Plaintiff's counsel had raised during the deposition regarding whether GLELSI had identified class members based on borrowers' account data existing before the First Remediation Project or based on borrowers' live account data before the Second Remediation Project. Plaintiff's counsel had left this line of questioning unresolved at the deposition.

4.     On August 16, 2019, Plaintiff's counsel served Defendants with Plaintiff's third set of requests for production to Defendants. Defendants responded to these requests for production and provided additional responsive documents to Plaintiff's counsel.

5.     On September 24, 2019, I participated in a meet-and-confer teleconference with Plaintiff's counsel regarding Defendants' responses to Plaintiff's third set of requests for production. From that meet-and-confer teleconference, I understood one of Plaintiff's counsel's primary concerns to be a subset of borrowers who had experienced capitalization transactions at the conclusion of forbearance periods known as FO-SUSP and FO-DELQ forbearances, who Plaintiff's counsel contended should be treated as class members.

6. My colleagues and I at Foley worked with GLELSI to investigate Plaintiff's counsel's allegations regarding FO-SUSP and FO-DELQ forbearances. Defendants responded to Plaintiff's counsel's allegations in a letter dated October 18, 2019. Plaintiff's counsel has not responded to that letter's discussion of FO-SUSP and FO-DELQ forbearances.

7. On October 14, 2019, Defendants received a letter from Plaintiff's counsel regarding allegations of deficient class notice with respect to CAPGONE borrowers. This was the first occasion on which Plaintiff's counsel contacted Foley regarding these allegations.

8. In response to Plaintiff's counsel's October 14, 2019 letter, my colleagues and I at Foley convened with in-house counsel and employees of GLELSI to investigate its allegations regarding CAPGONE borrowers. We discussed how GLELSI could analyze CAPGONE borrowers' accounts in order to isolate those borrowers who had undergone a capitalization at the conclusion of a standalone B-9 Forbearance period from those who had not.

9. Given Plaintiff's counsel's threat to bring a motion for sanctions, my colleagues and I at Foley worked with GLELSI employees over the ensuing days to ensure that all information Defendants were preparing to provide to Plaintiff's counsel was accurate and comprehensive.

10. Before Plaintiff's counsel's email on the night of October 25, 2019 (Dkt. 285-5), my colleagues and I at Foley were working with GLELSI to finalize a list of CAPGONE borrowers to provide to the class-notice administrator.

11. Along with filing Defendants' brief in opposition to Plaintiff's present motion and this declaration, I have provided Marili Krejsbol and Scott DiCarlo at KCC with a Microsoft Excel spreadsheet containing the names and contact information for the 10,765 standalone CAPGONE borrowers identified by GLELSI. Attached hereto as **Exhibit A** is a copy of my email to KCC sending them this list.

12. Before filing Defendants' brief in opposition to Plaintiff's present motion, I made a final attempt to meet and confer with Mr. Harris on this issue by (1) informing him that, although Great Lakes does not believe that the CAPGONE borrowers are members of the class, Great Lakes intended to produce their names and contact information to KCC and (2) asking him if his position with respect to his motion remained the same. Attached hereto as **Exhibit B** is a copy of my email to Mr. Harris and his response to my email, in which he declined to withdraw his motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 1, 2019.

s/ Eric G. Pearson
Eric G. Pearson
