IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MEREDITH D. DAWSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., GREAT LAKES HIGHER EDUCATION CORPORATION, JILL LEITL, DAVID LENTZ, and MICHAEL WALKER,

Defendants.

ORDER

15-cv-475-jdp

---

Plaintiff Meredith Dawson moves for reconsideration of the order giving the parties an opportunity to file renewed summary judgment motions. Dkt. 299. The court gave the parties that opportunity because defendants misconstrued the scope of the original class certification and omitted one of the subclasses from the scope of its summary judgment motion. Specifically, defendants did not address the claims of class members whose student loan interest was capitalized as the result of "procedural and programming" errors.

Dawson objects to allowing defendants to renew their summary judgment motion, contending that she is unfairly prejudiced by the expense and the delay caused by responding to a second motion. The court is sympathetic to Dawson's concerns, but, as both the court and the parties have recognized, this is a complex case. The court wishes to resolve any potential legal questions before trial. It makes little sense to allow claims to proceed to trial if they will be inevitably dismissed in the context of a Rule 50 motion. Particularly because claims excluded from the original motion raise significantly different questions, they should be included in the summary judgment process. Of course, the parties are free to reuse any of the materials that

they submitted with their original summary judgment submissions and to cite docket entries for any relevant materials that are already part of the record.

Allowing the parties to renew their summary judgment motions will also allow clarification of other issues. For example, the parties devoted substantial arguments in their original summary judgment submissions to the question whether Dawson's complaint provided fair notice of the theory that she raised in her summary judgment brief under RICO. Because defendants now have notice of that theory, they can address that theory on the merits in a renewed motion.

The parties also failed to address an important question in the summary judgment submissions, which is how damages issues should be resolved in this case. As the parties are aware, the court so far has certified a class for liability but not for damages because Dawson failed to show that that damages could be resolved on a class-wide basis. Dkt. 171, at 20–22. To avoid further delays, the parties should include in their summary judgment submissions proposals on a process for resolving damages questions in the event that any of Dawson's claims survive summary judgment. Specifically, the parties should address whether and, if so, how damages can be resolved on a class-wide basis.

ORDER

IT IS ORDERED that plaintiff Meredith Dawson's motion for reconsideration, Dkt. 299, is DENIED.

Entered January 13, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge