IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MEREDITH D. DAWSON,

                              Plaintiff,

        v.                                                                      ORDER

GREAT LAKES EDUCATIONAL LOAN SERVICES,                          15-cv-475-jdp
INC. and GREAT LAKES HIGHER EDUCATION
CORPORATION,

                              Defendants.

---

Plaintiff Meredith Dawson has responded to the court's order directing her to explain to the court how she plans to refute Great Lakes' evidence that the class hasn't suffered and will not suffer any damages. The court issued the order because it was unclear whether there are any genuine disputes about the class's potential damages. Great Lakes has submitted reports from two experts who will offer opinions that Great Lakes has fully remediated the capitalization errors at issue in this case. See Dkt. 376 and Dkt. 378. Dawson didn't move to strike the testimony of either expert, and she hasn't offered her own expert report to rebut their opinions. So it wasn't clear what evidence, if any, Dawson intends to submit about the adequacy of the remediation.

Dawson's response did not alleviate the court's concerns, so the court will give Great Lakes an opportunity to file a motion for summary judgment on the questions whether there is a genuine dispute that it has remediated any harm to the class, and, if it has, whether there are any other issues left to be tried. Great Lakes isn't required to file such a motion. And the court doesn't intend to strike the trial date or any other deadline, so Great Lakes will need to act promptly if it chooses to file a motion.

If Great Lakes moves for summary judgment but the court denies the motion, the issue of remediation is still likely to be critical at trial. Dawson's evidence of Great Lakes' alleged negligence means nothing if Great Lakes can persuade the jury that it corrected any harm. So the court proposes that the trial will be bifurcated to address the issue of remediation *first*. Only if the jury finds that Great Lakes failed to cure the harm will the jury determine whether Great Lakes was negligent in causing the harm. If either side disagrees with this procedure, it is free to object at the final pretrial conference. But the parties' pretrial submissions, including their jury instructions, should reflect that the issue of remediation will be tried first.

## ORDER

IT IS ORDERED that defendants may have until April 5, 2022, to file a motion for summary judgment on the issues whether there is any genuine dispute that defendants have remediated any harm to the class, and, if they have, whether there are any other issues left to be tried. Plaintiff may have until April 19 to file a response. Defendants may have until April 22 to file a reply. All other deadlines remain in place.

Entered March 18, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge