IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MEREDITH D. DAWSON,

                Plaintiff,

v.

GREAT LAKES EDUCATIONAL LOAN SERVICES, INC. and GREAT LAKES HIGHER EDUCATION CORPORATION,

                Defendants.

OPINION and ORDER

15-cv-475-jdp

---

Plaintiff Meredith Dawson represents a class of student loan borrowers who contend that defendants Great Lakes Educational Loan Services, Inc. and Great Lakes Higher Education Corporation (collectively "Great Lakes") negligently inflated their account balances by improperly capitalizing their interest. The court granted to summary judgment to Great Lakes on most claims because Great Lakes submitted unrefuted evidence that the class's account balances had been corrected to remove the effects of the improperly capitalized interest. Dkt. 451. But the court denied summary judgment on the claims of class members who had already paid off their loans and had overpaid by an amount of less than five dollars. *Id.*

Great Lakes argued that class members with overpayments of less than five dollars weren't entitled to a refund because the policy of the Department of Education was not to provide refunds in that situation unless the borrower requests it. The court rejected Great Lakes' argument for two reasons. First, this lawsuit represents a request by the entire class to receive a full refund, so Great Lakes should have acted as if the class members had requested a refund, regardless of how small the refund was. Second, Great Lakes didn't explain why

department policy should determine damages in a federal lawsuit. So the court denied Great Lakes' summary judgment motion on these claims.

But that decision raised the question of how the case should proceed. The court couldn't grant summary judgment to Dawson, both because Dawson hadn't proven negligence and because there was no evidence about how much money was at issue and which class members had made overpayments of less than five dollars. But holding a trial on what was likely a relatively small amount of money seemed like an imprudent use of judicial resources. So the court directed the parties to weigh in on how they wished to resolve the remaining disputes.

Great Lakes responds with one observation and two suggestions. Great Lakes' observation is related to the maxim "de minimis non curat lex," which courts translate to mean that "[t]he law does not concern itself with trifles." Under that maxim, a court may "withhold a remedy" when "the harm is small but measuring it for purposes of calculating a remedy would be difficult, time-consuming, and uncertain, hence not worthwhile given that smallness." *Mitchell v. JCG Indus., Inc.*, 745 F.3d 837, 841 (7th Cir. 2014).

Great Lakes contends that the circumstances of this case support the application of that maxim. It submits the declaration of its director of servicing operations, Jamie Brown, who says that 1,626 class members (out of approximately 137,000) overpaid their accounts by less than five dollars, with a mean amount of $1.65, and a total amount of $2,689.53. Dkt. 453, ¶ 5. Brown also says that Great Lakes hasn't received updated contact information from those class members since they paid off their loans, which was several years ago. *Id.*, ¶ 6.

Under these circumstances, Great Lakes contends that it isn't "economically rational" to provide the class members with refunds. Dkt. 452, at 4. It says that in many cases, the cost of mailing would exceed the refund itself, and it is likely that many class members wouldn't

cash the check, noting that 129 class members overpaid by one cent. And because Great Lakes doesn't have updated contact information for the class members, many checks would likely be returned as undeliverable. The process would be more complicated for class members whose accounts were transferred to a different servicer because Great Lakes would have to request account records from those other servicers. Great Lakes estimates that it would take "several hundred hours" of employee time to complete the necessary tasks. *Id.,* ¶ 11.

In light of these administrative difficulties, Great Lakes proposes two solutions. The first is to allow Great Lakes to donate the approximately $2,700 to an appropriate charity, which is what often occurs in class action settlements to distribute small or unclaimed amounts. The second is to exclude from the class those who overpaid less than five dollars and then enter judgment. Great Lakes points out that Dawson, who is the only named plaintiff, isn't one of the class members who overpaid their loans by less than five dollars, so Great Lakes contends that she is not an adequate representative of those class members. Dkt. 452, at 7–8 (citing *Robinson v. Sheriff of Cook Cty.*, 167 F.3d 1155, 1157 (7th Cir. 1999)).

In her response, Dawson doesn't dispute Great Lakes' estimates of the number of class members affected, the total amount owed to those class members, or the logistical difficulties Great Lakes identifies for providing refunds to those class members. She also doesn't challenge Great Lakes contention that Dawson isn't an adequate representative for the remaining class members with live claims. And she doesn't ask the court to hold a trial to determine the class's entitlement to less than $3,000. Rather, her only response is that she wishes to preserve for appeal any arguments she has asserted previously, without identifying anything specific. Dkt. 454.

Under these circumstances, the court concludes that the appropriate resolution is to exclude from the class those borrowers who overpaid their accounts by less than five dollars. As Great Lakes points out, donations to charity, or cy pres awards, are used to resolve undistributed amounts for settlement funds. They aren't a substitute for damages, so the court isn't persuaded that a cy pres award is appropriate here.

It also isn't clear whether the de minmis doctrine applies. At least in federal court, that doctrine is generally limited to damages that are not only small in amount, but also difficult to determine: the doctrine "has little or no proper application to cases in which the monetary cost of the loss is, though tiny, readily determinable." *Hessel v. O'Hearn*, 977 F.2d 299, 303 (7th Cir. 1992). In this case, the difficulty isn't in determining the amount of the overpayment (at least for the class members who weren't transferred to a different servicer), but in properly distributing the overpayments. Great Lakes doesn't cite federal cases that have applied the doctrine in that situation.

Wisconsin case law is less definitive. Several cases from more than 100 years ago applied the de minmis principle to amounts that were both small and certain. *See, e.g., Halfhill v. Malick*, 145 Wis. 200, 129 N.W. 1086, 1091 (1911) (74 cents); *McKone v. Metro. Life Ins. Co.*, 131 Wis. 243, 110 N.W. 472, 475 (1907) ($1.54); *Schriber v. Town of Richmond*, 73 Wis. 5, 40 N.W. 644, 647 (1888) ($15). But more recently, the Wisconsin Supreme Court has questioned the scope of the doctrine. *See United Food & Com. Workers Union, Loc. 1473 v. Hormel Foods Corp.*, 2016 WI 13, ¶ 99, 367 Wis. 2d 131, 163, 876 N.W.2d 99, 114 ("[N]o Wisconsin cases, statutes, or regulations state that the de minimis doctrine applies to Wisconsin DWD regulations or in employment disputes.").

4

But even if the de minmis doctrine doesn't apply, Great Lakes is correct that Dawson isn't an adequate class representative under Federal Rule of Civil Procedure 23 for borrowers with small overpayments because there is no dispute that she isn't one of those borrowers. A named plaintiff may not serve as a class representative when she "has suffered a different kind of injury from other members of the class." *Culver v. City of Milwaukee*, 277 F.3d 908, 911 (7th Cir. 2002). When a class representative is inadequate, it can be appropriate under some circumstances to allow class counsel to identify a substitute. *Robinson*, 167 F.3d at 1158. But class counsel has neither identified an appropriate substitute nor sought permission to look for one. So the court has no choice but to exclude from the class the borrowers with overpayments of less than five dollars. *See* Fed. R. Civ. P. 23 (c)(1)(C) (court may alter a class certification order at any time before judgment). Taking this path preserves those class members' right to request a refund if they wish.

Once the borrowers with small overpayments are excluded, there are no remaining disputes to be resolved. The court granted summary judgment to Great Lakes on the claims of all other class members. So the court will direct the clerk of court to enter judgment in Great Lakes' favor and close the case.

ORDER

IT IS ORDERED that:

1. The orders certifying the class, Dkt. 355 and Dkt. 171, are AMENDED to exclude from the class all borrowers who overpaid their student loans by less than five dollars.

2. The clerk of court is directed to enter judgment in favor of defendants on the remaining claims and close this case.

Entered May 23, 2022.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge