IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MEREDITH D. DAWSON,

                              Plaintiff,

        v.                                                      OPINION and ORDER

GREAT LAKES EDUCATIONAL LOAN SERVICES,                          15-cv-475-jdp
INC. and GREAT LAKES HIGHER EDUCATION
CORPORATION,

                              Defendants.

---

        This case was a class action about the proper calculation of student loan interest. The

court granted summary judgment to defendants Great Lakes Educational Loan Services, Inc.

and Great Lakes Higher Education Corporation (collectively "Great Lakes") on the claims of

all class members except those who had overpaid their loans by less than five dollars.

Defendants estimated that there are 1,626 borrowers in that category (out of approximately

137,000 class members) and that the total amount of overpayments by those class members is

less than $3,000. In light of the small amount that remained at stake, the court asked the

parties for input on how they wished to bring the case to a resolution.

        Among other things, Great Lakes contended that the court should enter judgment after

excluding from the class borrowers who overpaid their balances by less than five dollars. Great

Lakes said that Dawson—the sole class representative—wasn't part of that group, so she wasn't

an adequate representative of them. In a two-sentence response, Dawson said only that she

wished to preserve all of her previous arguments for appeal. Dkt. 454. She didn't contend that

she was an adequate representative of the class members with unresolved claims, she didn't ask

to name an additional class representative for those class members, and she didn't otherwise provide reasons for rejecting Great Lakes' argument.

The court concluded that Dawson wasn't an adequate representative of the class members who had overpaid their accounts by less than five dollars because she wasn't a member of that group. As a result, the court excluded those borrowers from the class and directed the clerk of court to enter judgment.

On the same day, before judgment was entered, Dawson filed a motion in which she contended that the excluded class members should receive notice and Great Lakes should be required to bear the costs of notice. Dkt. 456. In the same motion, she asked for reconsideration of the decision that she isn't an adequate class representative for the borrowers who made overpayments of less than five dollars. Two days later, she filed a second motion for reconsideration, this time challenging a portion of the summary judgment decision in which the court concluded that she had forfeited an argument. Dkt. 457.

The court concludes that it is appropriate to give notice to the excluded class members, but Dawson hasn't provided any relevant authority or a persuasive reason for shifting the cost of notice to Great Lakes. Dawson's motions for reconsideration will be denied.

ANALYSIS

A.  Notice to excluded class members

Neither side cites any provision of Federal Rule of Civil Procedure 23 that requires notice to class members who have been excluded. But Rule 23(d)(1)(B) allows the court to order notice of "any step in the action" if doing so is necessary to "protect class members." And the court of appeals has construed Rule 23 to include an implicit requirement to provide notice

to class members when a class is decertified. *See Culver v. City of Milwaukee*, 277 F.3d 908, 915 (7th Cir. 2002). This is because the statute of limitations is tolled while the class action is pending, but it starts running again when the class is decertified. *Id.* Notice lets the former class members know that they will have to file their own lawsuits if they wish to protect their rights. *Id.* The circumstances of this case are sufficiently similar to *Culver* to suggest that notice to the excluded class members is appropriate.

Great Lakes acknowledges both Rule 23(d)(1)(B) and *Culver*, and it doesn't object to providing notice in this case. It suggests that notice take the form of an email to the excluded class members, along with an update to the class action website, http://www.greatlakesclassaction.com. Great Lakes also says that it doesn't object to providing the names of the 1,626 excluded class members to the class administrator. But Great Lakes contends that class counsel should bear the cost of sending notice because that is the usual rule and because it is class counsel, not Great Lakes, that owes fiduciary duties to the class.

Dawson didn't argue for a particular form of notice in her motion, and she doesn't object in her reply brief to Great Lakes' suggestion of electronic notice. The court concludes that notice by email and through the class action website is reasonable under the circumstances of this case. *See* 5 *Moore's Federal Practice* § 23.107[3] (3d. ed. 2022) ("[I]f the court orders notice of decertification, the court has the discretion to set the content and manner of notice.").

So the only issue in dispute is whether Great Lakes or class counsel should bear the cost of notice. As Great Lakes points out, the usual rule is that a plaintiff must bear the cost of notice to the class. *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 178 (1974). And the Supreme Court has significantly cabined a district court's discretion to depart from the general rule. In *Oppenheimer Fund, Inc. v. Sanders*, the Court concluded that the district court abused its

3

discretion by shifting the costs of notice to the defendant, reasoning that it was the plaintiffs' lawsuit, the defendant obtained no benefit from notice, and the costs of notice would be no greater for the plaintiffs than they would be for the defendant. 437 U.S. 340, 349–50, 359–60 (1978). That reasoning applies in this case as well. The Court rejected arguments that the defendant should pay because: (1) much of the cost of notice was the defendant's fault because it had objected to a smaller class and less expensive method of notice; and (2) the cost of notice was "modest" in relation to the defendant's ability to pay. *Id.* at 360–62.  These are similar to Dawson's arguments that Great Lakes should pay for notice because the cost of notice would be "minor" for Great Lakes and that it is Great Lake's fault that notice is needed because Great Lakes refused to give refunds to the excluded class members.

*Eisen* and *Oppenheimer* both involved notice of a class certification rather than an exclusion or a decertification. There is a plausible argument that certification is different because in that situation the plaintiffs are the proponent of the motion requiring notice. *See Oppenheimer*, 437 U.S. at 359 ("[T]he representative plaintiff should bear all costs relating to the sending of notice because it is he who seeks to maintain the suit as a class action."). But the court of appeals has required plaintiffs to bear the cost of a notice of decertification as well. *See Culver*, 277 F.3d at 915 ("[T]he cost of the notice will be borne by [class counsel's] client."). This makes sense because it is class counsel and the class representative who have a duty to excluded class members, not the defendants.

Dawson identifies no authority for shifting costs to Great Lakes under the circumstances. She cites *Brown v. Citicorp Credit Servs., Inc.*, No. 1:12-CV-62-BLW, 2013 WL 1760267, at *5 (D. Idaho Apr. 24, 2013), which noted in passing the Ninth Circuit's rule that courts may shift costs of notice of a class action "after they determine that the defendant is

liable on the merits." *Hunt v. Imperial Merch. Servs., Inc.,* 560 F.3d 1137, 1144 (9th Cir. 2009). The Court of Appeals for the Seventh Circuit hasn't adopted that rule, but even it had, it doesn't apply. Dawson didn't prevail on any of her claims in this case. The court dismissed her federal claims at summary judgment and didn't determine liability on her state-law claims, but instead concluded that it was unnecessary to do so because the vast majority of class members didn't have damages.

The court will approve Dawson's request to send notice to the excluded class members. Because Great Lakes is in the best position to identify the relevant borrowers, the court will direct Great Lakes to provide Dawson with a list of the names and any available email addresses of the excluded class members. *See Oppenheimer,* 437 U.S. at 356 (court may order defendant to perform task related to notice if the defendant is "able to perform a necessary task with less difficulty or expense than could the representative plaintiff"). To ensure a complete record, Great Lakes should also file the list with the court. But it will be Dawson's responsibility to coordinate with the class administrator to send an email to the excluded class members and update the class website. It will also be Dawson's responsibility to pay for the costs of notice, other than Great Lakes' costs of providing the list of names and email addresses.

## B.  Reconsideration of other issues

Dawson seeks reconsideration of two issues: (1) the court's determination in the May 24, 2022 order that Dawson isn't an adequate representative of class members who overpaid their accounts by less than five dollars; and (2) the court's determination in the May 12, 2022 order that Dawson forfeited her argument that Great Lakes had not remediated any harm to the class. The court will deny both requests.

As for Dawson's adequacy as a class representative, Dawson has forfeited that argument. As already noted, Great Lakes argued in its response to the court's summary judgment decision that Dawson could not serve as a representative of class members who overpaid their accounts by less than five dollars because she is not a member of that group. Dawson neither responded to that argument nor asked the court for an opportunity to name an additional representative. In any event, Dawson still cites no authority for the view that a named plaintiff can be adequate representative of a group that she is not a member of.

As for Dawson's argument that Great Lakes failed to remediate any harm to the class, that argument was forfeited too. In both her opening summary judgment brief and her opposition to Great Lakes' summary judgment motion, Dawson argued that the class has suffered approximately $6.6 million dollars in damages, acknowledging that Great Lakes had corrected the bulk of the improper interest calculations. In her reply brief, Dawson changed course, arguing for the first time that Great Lakes had failed to submit admissible evidence that it had corrected any of its errors, so the class was entitled to approximately $29 million.

Dawson argues that she changed her position based on new information that Great Lakes provided in response to her proposed findings of fact. *See* Dkt. 433, at 2–3 (citing Great Lakes' responses to paragraphs 19, 20, and 30 of Dawson's proposed findings of fact). But the evidence cited in both Great Lakes' response and Dawson's reply to the relevant facts was a deposition taken in April 2019, a declaration filed in June 2020, interrogatory responses from November 2018, and an expert report prepared in September 2021. *See* Dkt. 434, ¶¶ 19–20, 30. So Dawson had all the relevant evidence long before she filed her summary judgment brief in April 2022. The court isn't persuaded that Dawson received any new information that would justify such a significant change in her position.

ORDER

IT IS ORDERED that:

1.  Plaintiff Meredith Dawson's motions for reconsideration, Dkt. 456 and Dkt. 457, are DENIED.

2.  Dawson's request to send notice to the excluded class members, Dkt. 456, is GRANTED.

3.  Defendants may have until June 10, 2022, to submit a list a names and email addresses of all the excluded class members.

4.  Dawson may have until June 17, 2022, to submit proposed language for the email notice and the update on the class action website.

Entered June 2, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge